## Morgan v. Mayor, etc., of Mobile.

*Prosecution for Violation of Municipal Ordinance.*

*Proof of ancient boundary.* — An ancient boundary of an incorporated city, not marked by visible monuments, and of which there is no recorded survey, may be proved by general reputation.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JAMES Q. SMITH.

The appellant in this case was charged with the violation of an ordinance of the city of Mobile, prohibiting the retailing of spirituous liquors within the city limits without a license from the city authorities, and was found guilty by the mayor. On the trial in the Circuit Court, to which the case was removed by appeal on the part of the defendant, as appears from the bill of exceptions, the only question was, whether the defendant's bar-room, at which the act of retailing was committed, was within the city limits. The city engineer, one Squires, was introduced as a witness on the part of the prosecution, and stated that he did not know the boundary line of the city, but that under instructions from the mayor, after the commencement of this prosecution, he had run the line, with the assistance of one Ross, who was civil engineer and surveyor, and who professed to know the line, and found the defendant's said premises to be within the city limits; and that in making the survey he found no monuments marking the line, and depended wholly on the information derived from his said assistant. Said Ross testified, on the part of the prosecution, that he had once run the entire boundary line, from the government field-notes; that he pointed out the corner of the section to the city engineer, and that they run the line " on, or close to, the former line run by him." This was all the evidence offered on the part of the prosecution. The defendant offered several witnesses, who had resided in the city of Mobile for thirty or forty years, by whom he proposed to prove the reputed southern boundary line of the city for a period of more than twenty years, and that his said premises were situated outside of this reputed boundary; and by one of said witnesses he offered to prove

that this reputed boundary was recognized by the city authorities in the assessment of taxes. The rejection of this evidence by the court, to which an exception was reserved by the defendant, is now assigned as error.

W. C. EASTON, for appellant.

BRICKELL, J. — When the charge was preferred against the appellant, as appears from the record, the southern boundary line of the city of Mobile was not marked by any visible monuments, and there was no recorded survey of it. It was then an ancient boundary, capable of being proved only by reputation and the user of the city authorities. This being true, the evidence offered should have been received. Whatever may be the true rule in reference to private boundaries, it is very well settled, on authority, that the territorial boundaries of public municipal jurisdictions, when they grow to be ancient, and cease to be marked by visible monuments, and there is not higher evidence of them, may be proved by general reputation. This general reputation may consist of the user of the jurisdiction ; or of the declarations, made *ante litem motam*, of deceased persons, having an interest or opportunity of knowing the fact declared ; or of the recollections of persons living, as to the boundary recognized by the community subject to the jurisdiction. 1 Phill. Ev. (C. & H. notes), 218, 219, note 87. Apart from these considerations, the location of a boundary is subject to parol evidence ; and when disputed, it must be left to a jury to say where it is located. *Miller* v. *Cullum*, 4 Ala. 576.

For the error in the rejection of the evidence offered, the judgment is reversed, and the cause remanded.