# Russell *v.* C. N. Robinson & Co.

## *Trespass.*

(Decided Nov. 26, 1907.   44 So. Rep. 1040.)

1. *Counties; Boundaries.*—A county is a political subdivision of the state created for convenience in the administration of government, the territorial limits are fixed by the legislature and the counties are without authority to alter the same.

2. *Same.*—Where the territorial act provided that the islands in the river belong respectively to the county to the shores of which they might be most near, the question whether such an island in such a river is within a county, is one of fact, dependent on evidence, and is a question for the jury.

3. *Boundaries; Evidence; General Reputation.*—Where the territorial boundaries of public municipal jurisdictions grow ancient and are unmarked by artificial monuments, such boundaries may be shown by general reputation in the absence of any higher evidence.

4. *Counties; Boundaries; Evidence.*—Where there is no record memorial of the measurement and distances of an island from the shores of respective counties on either side of the river, at the time of the enactment of the statute fixing their territorial status, the recording of ancient deeds and conveyances of land on the island in a particular county and the ancient tax assessment of the land on the island, or other property on the island, showing the assessment of such property to a particular county and other like facts tending to show exercise and assumption of jurisdiction of the particular county and the acquiescence of the citizens affected therein, are competent as evidence to fix the ancient boundaries.

5. *Same.*—Evidence of the assumption and exercise of jurisdiction by one county over the island based solely on the right resulting from an arbitration proceeding between the two counties to settle the boundary line, is inadmissible.

7. *Taxation; Collection of Taxes; Power of Tax Collector to Execute Process in Foreign County.*—The tax collector of one county has no authority to go into another county and in person execute his process by seizing property for taxes due in his county.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by C. N. Robinson & Co. against John M. Russell. From a judgment for plaintiffs, defendant appeals. Affirmed.

W. T. SANDERS, for appellee. The courts take judicial knowledge of county boundaries and in which county land is situated, where the section, township and range are given.—17 A. & E. Ency. of Law, pp. 912-13, secs. 4 and 6, and notes 2, 4 and 6; *Karthaus v. N. C. & St. L. R. R. Co.,* 144 Ala. 433; *Bolling v. M. & M. R. R. Co.,* 128 Ala. 550; *Scheuer v. Kelly,* 121 Ala. 323; *Webb v. Mullins,* 78 Alt. 111; *Money v. Turnipseed,* 50 Ala. 499; *Smith v. Flournoy,* 47 Ala. 345. What courts judicially know is conclusive and not subject to contradiction by other testimony.—17 A. & E. Ency. of Law, 902. A high and creditable source of information is the record of courts.—*State v. Wagner,* 61 Me. 179. The tax collector in doing what he did relied upon the conduct of plaintiff, and was induced by this conduct to put the machinery of law in motion for the enforcement of the taxes.—11 A. & E. Ency. of Law, 436. The court erred in giving charge 2 for the plaintiff.—1 A. & E. Ency. of Law, 467.

COOPER & FOSSTER, for appellee. The deeds and ancient records showed a long continued exercise of jurisdiction by Lawrence county over the island in question, and their admission was proper.—4 A. & E. Ency. of Law, 856. Such evidence is entitled to great weight.—*Tidwell v. The State,* 70 Ala. 33; *Roan County v. Anderson County,* 14 S. W. 1079.

The term, shore, in its legal acceptation means the space between ordinary high water and low water mark.—Cent. Dictionary.—25 A. & E. Ency. of Law, 1059. But the Tennessee river is a non tidal stream, and the word, shore, is inapplicable. The term, river boundary, is the proper term, and if the word, shore, is used, means the river bank above low water mark.—*Howard v. Ingersoll,* 17 Ala. 791; *Webb v Demopolis,* 95 Ala. 129. There was no award as insisted by appellant.—Section 510, Code 1896; 2 A. & E. Ency. of Law, 725; *Houghton v. Poole,* 40 Ala. 629. In any event, the paper was not such as was required to be recorded, and a certified copy is not admissible.—Sec. 1816, Code 1896; *Davidson v. The State,* 68 Ala. 356; *Martin v. Hall,* 72 Ala. 587. The members of the court of county commissioners had no authority to enter into an arbitration such as here attempted.—*Matkin v. Marengo County,* 137 Ala. 155; *Flowers v. Grant,* 129 Ala. 275; 68 Ala. 129; 44 Ala. 696. When an officer of the county crosses the boundary, he is no longer an officer and is answerable for his wrongful acts as any other individual.—*Stevenson v. Wright,* 111 Ala. 586. The essential elements of an estoppel is wanting.—*Clanton v. Scruggs,* 95 Ala. 279; *Adler v. Pin,* 80 Ala. 354; 11 A. & E. Ency. of Law, pp. 424, 434 and 434.

   DOWDELL, J.—Whether the island known as "Burkett's" or "Brown's" Island, in the Tennessee river, between the counties of Lawrence and Limestone, is a part of the former or latter county, is the pivotal question in this case. The question is presented by the defendant's plea in abatement addressed to the jurisdiction of the circuit court, on which issue was taken and a verdict was returned in favor of the plaintiff. The terri-

torial act of February 9, 1818 (Toulmin's Dig. Laws Ala. p. 87, tit. 10, c. 15) provides as follows:

"Section 1. Be it enacted by the Legislative Council and House of Representatives of the Alabama Territory, in General Assembly convened, that the islands in the Tennessee river, within the lines actually run in the surveys already made, shall be deemed and taken to constitute a part of the respective counties established by law within said survey, and shall belong to such counties respectively, to the shore or river boundary of which they may be most near.

"Sec. 2. And be it further enacted, that the middle of said river Tennessee, wheresoever there are no islands, shall be deemed and taken to be the boundary line between the several counties established on its banks; anything in the law to the contrary notwithstanding."

No statute since this enactment has been brought to our attention in any wise affecting the question before us, and hence it must be determined under the provisions of the territorial act. Counties are political subdivisions of the state, created for public convenience in the administration of government. Their territorial limits are fixed by the Legislature, and outside of constitutional provisions whatever of jurisdiction and powers they possess are derived from the same source. They have no power or authority to alter or change their territorial limits or boundary lines. This is a right reserved to the Legislature of the state, and to be exercised in the way prescribed in the Constitution. In fixing the status of the islands in the Tennessee river in reference to the jurisdiction of the respective counties along its banks, there can in reason exist no doubt but that it was the legislative intent to fix a permanent status. The inquiry, therefore, necessarily is: To which of the counties of Lawrence and Limestone, on opposite banks of the

Tennessee river, was the island in question, under the
provisions of the territorial act of February 9, 1818,
"most near" at the time of its passage? The question is
one of fact, dependent on evidence, and for determina-
tion by the jury, and not one of which the court can take
judicial knowledge. As was said in *Tidwell v. State*, 70
Ala. 33: "The boundary lines of counties are but sel-
dom marked by natural objects, or artificial monuments,
discernible by the naked eye. Often they are referred to
the lines of the government surveys of the public lands,
and sometimes to places designated by names, which
change or become obsolete. There is no provision of law
requiring any survey and marking of the boundaries,
and a record of it as evidence of the fact. The boundary
is, of consequence, subject to parol evidence; and, if its
location is matter of dispute, generally it must be left to
a jury to say where is its true location."—*Doe ex dem.
Miller v. Cullum*, 4 Ala. 576.

In the case before us there is no record memorial of
the measurement of distances from the island to the re-
spective shores of the two counties at the time of the
enactment of the statute, and after so great a length of
time the presumption naturally obtains that all wit-
nesses then living are now dead. In the absence of di-
rect evidence of measurements and the ascertainment of
distances showing to the shore of which county the is-
land was "most near" at the date of the act in question,
a fact upon which the jurisdiction of the rightful county
for governmental purposes attached, it would seem that
no higher and better evidence could be offered than that
of the assumptive and continuous exercise of jurisdic-
tion over the territory by one county for many years, ex-
tending back beyond the memory of living witnesse, and
which jurisdiction was acquiesced in by the citizens of
both counties to a comparatively recent time. Again

quoting from the case of *Tidwell v. State, supra*: "The
territorial boundaries of public municipal jurisdictions,
when they grow to be ancient, are unmarked by artificial
monuments, and, when there is not of them higher evi-
dence, may be proved by general reputation.—*Morgan
v. Mayor*, 49 Ala. 349; 1 Phil. Ev. (C. & H. Notes) pp.
218, 219, note 87. Long, continuous, uninterrupted user,
when lines and boundaries depend upon statutory refer-
ences to physical objects which are not well defined, is a
practical interpretation of the statute courts must adopt
or involve the citizens relying upon it in embarrass-
ments and uncertainties, not only as to rights of
property, but as to personal rights."—Dillon on Mun.
Cor. §. 125, note 1. The recordation of ancient deeds
and conveyances of land situate in the disputed territo-
ry in a particular county, and ancient records of tax
assessments showing that the property was assessed for
taxes for a particular county, and like facts tending to
show assumption and exercise of jurisdiction and acqui-
escence therein by the citizen, are relevant and compe-
tent facts in evidence.

In this case the evidence without dispute shows that
the county of Lawrence from a time beyond the memory
of living witnesses down to the year 1895, when the dis-
pute between the two counties arose, exercised exclusive
control and jurisdiction over the island, which was ac-
quiesced in by the citizens of both counties, as well as
those resident upon the island. In 1895, when the dis-
pute arose, actual measurements were then made, which
showed that the island at the time of such measurement
was nearer the Limestone county shore than the Law-
rence county shore. But it was also shown in evidence
that since 1875, and prior to 1895, the United States
government had for navigation purposes constructed
dams and widened the channel of the Tennessee river

between the island and the Lawrence county shore, the effect of which was to widen the river and materially change the shore line of Lawrence county. These facts were all properly submitted to the jury

The defendant sought to introduce in evidence what was claimed to be the record of an arbitration and award between the two counties, had in 1896, settling the dispute over the island territory. Pretermitting the question as to whether the county is authorized under the law to submit to arbitration and award the question of territorial limits and boundaries, it is sufficient to say that that which was offered in evidence as an arbitration and award was irregular in many respects, and therefore void. Indeed, there was no award, except what was sought to be shown by parol. The evidence offered of the assumption and exercise of jurisdiction by Limestone county over the island since 1895 was based solely upon pretended rights resulting from the alleged arbitration proceedings. There was no pretense that prior to this time there had ever been any assumption and exercise of jurisdiction by the county of Limestone. On this state of facts, this evidence was properly excluded, on the objection of the plaintiff.

The defendant sought to justify the alleged trespass on the ground that he seized the property as tax collector of Limestone county for taxes past due on assessment by the plaintiff to that county. Conceding this to be so, he was not authorized by the law to go into another county and in person to execute his process.— *Stephenson v. Wright*, 111 Ala. 579, 20 South. 622. The jury having found issue in favor of the plaintiff as to the island being within the jurisdiction of Lawrence county and forming a part of that county, the defendant failed to support a material averment of his pleas, name-

ly, that the seizure of plaintiff's property by him as tax collector was done in Limestone county.

We are unable to see that the court in its rulings committed any error prejudicial to the right of the defendant, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.