INHABITANTS OF EDEN *vs.* FLORA PINEO.

Hancock.    Opinion February 24, 1911.

*Towns.    Territorial Extent.    Constitutional Law.    Mistake.    Taxation.*
*Act of Feb. 17, 1789 (Statute Mass. 1788, chapter 75).*

1.   The body of upland of about seventy acres in extent known as Bar Island, or Rodick Island, in tidewaters in Frenchman's Bay, north of Bar Harbor and something over one hundred rods distant therefrom, is a separate island and not a part of Mt. Desert Island, though there be a bar between the two which is left bare by the tide twelve hours out of every twenty-four.

2.   The act of Feb. 17, 1789, incorporating the original town of Mt. Desert described the territory of the new town as " The plantation called Mt. Desert together with the islands called Cranberry Islands, Bartlett's Island, Robertson's Island and Beech Island," no mention being made of Bar or Rodick Island. In the absence of evidence that " the plantation called Mount Desert," included Bar or Rodick Island, it must be held that it was not included in that town, and hence not included in the town of Eden which was set off from the town Mount Desert without mention of the island in question.

3.   Even if it be apparent from the situation that the legislature in incorporating the town of Mount Desert intended to include Bar, or Rodick Island, it failed to do so, and the court has no power to supply the omission. It is for the legislature to correct the mistake if any was made.

4. Municipalities in this State are creatures of the legislature and cannot enlarge their boundaries or taxing jurisdiction by mere user, however long continued. The inconveniences or losses, however great, resulting from boundaries established by the legislature, must be borne until the legislature shall correct them.

5. Though all the real estate upon Bar or Rodick Island has for seventy years or more been taxed in the town of Eden as situated in that town, and the taxes so assessed have been paid to Eden without objection, the owners are not thereby barred or estopped from denying the authority of the tax assessors of Eden to tax such real estate.

6. Since in this suit for taxes upon the real estate on Bar or Rodick Island, the town of Eden has failed to show that that Island is within the limits of the town, it fails to show authority to impose the tax and hence cannot recover.

On an agreed statement of facts. Judgment for defendant.

Action of debt, brought by the inhabitants of the town of Eden against Flora Pineo to recover the sum of $591.60 the amount assessed against the defendant, as her proportion of the town, county and state taxes for the year 1909 upon her real estate, being particularly described on the books of allotment and assessment of said Eden as four-fifths of Rodick's Island and buildings thereon. Plea, the general issue. An agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*John E. Bunker*, for plaintiffs.

*Charles B. Pineo*, for defendant.

Sitting: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

EMERY, C. J. In Frenchman's Bay, north of the village of Bar Harbor in the town of Eden, is a body of upland of about seventy acres in extent with buildings thereon. It has been known in Bar Harbor as "Rodick Island" but it is named upon the U. S. Coast Survey Chart as "Bar Island" and it is now called by either name. But it was included in the survey of the "Porcupine Islands" made in 1785 by Rufus Putnam for the Commonwealth of Massachusetts, and upon his plan it bears the name "Bar Porcupine." It is something over one hundred rods distant from the shore of Mount Desert Island measuring from mean high water mark on each shore.

It is connected with Mount Desert Island by a bar consisting of clay, gravel and rocks very similar to the general surface of the shores of both islands in the immediate vicinity. This bar is uncovered for about twelve hours out of each twenty-four so that teams and pedestrians can safely pass over.

Is this smaller island within the chartered limits of the town of Eden? It is conceded that it is not unless it was included within the limits of the old town of Mt. Desert from which the town of Eden was later set off. In the act incorporating the original town of Mount Desert, finally passed Feby. 17, 1789, the territory is described as follows: "The plantation called Mount Desert together with the islands called Cranberry Islands, Bartlett's Island, Robertson's Island and Beech Island." No mention is made of what was then known as Bar Porcupine nor of any other island. We have no evidence of the extent of "the plantation called Mount Desert" and in the absence of such evidence we cannot assume that it comprised more than the Island of Mount Desert. Almost simultaneously with the incorporation of the town of Mount Desert, but reaching its final passage a day earlier, was incorporated the town of Gouldsboro with the following territory (after describing a tract on the main land bordering on the East of Frenchman's Bay) "including Stave Island, Jordan's Island, Iron Bound Island and Porcupine Islands (so called) Horn Island, Turtle Island and Scooduk Island."

So far it would seem clear that the legislature not only did not include the seventy acre tract in question within the town of Mount Desert, but did include it within the town of Gouldsboro. Rufus Putnam, who was sent by the Commonwealth to survey the "Porcupine Islands" in Frenchman's Bay, included this tract in his survey and plan as being one of the Porcupine Islands. This was less than four years before the acts of incorporation. The survey and plan were official and presumably were known to the legislature incorporating the two towns.

One avenue of escape from this conclusion is suggested, viz: that a body of land of the character, description and situation of

that in this case in tide waters, more than one hundred rods from the main or a larger island, but connected with it by a bar submerged only half the time is not a separate island, but is part of the main, or of the larger island.   No case so holding is cited to us, and after diligent search we have found none.   In *Babson* v. *Taintor*, 79 Maine, 368 there was a question whether a two acre parcel was an island or part of the main.   The court said (page 371) "Here the parcel is described as containing about two acres and though it consists mostly of rocks and ledges and is unfit for the habitation of man it must be considered as having size and permanency enough to entitle it to the appellation of island,—a right to which might be obtained upon the principles of adverse possession."   In that case there was no channel at low water between the island and the main, and the island was within one hundred rods of the main.   In the case before us, however, the territory has from time immemorial been called an island, and at the time of the acts of incorporation was known as one of the Porcupine Islands, and its accepted kinship to the other Porcupine Islands is seen in the distinctive name given it, "Bar Porcupine."   It was thus early recognized as a separate island, one of the group of islands called Porcupines.   We find no evidence that it was at that time regarded as only a part of the island of Mount Desert.   We are not to assume that the legislature so regarded it.

It is common knowledge that there are many islands along our coast connected with other islands by bars exposed at low water, and yet each island bearing a distinctive name, so that a deed on one, eo nomine, would not convey the other.   Indeed, among these Porcupine Islands, Great Porcupine and Little Porcupine are so connected and yet appear upon the Putnam plan as distinct, separate islands.   That one island is much, very much larger than the other does not extinguish the individuality of the smaller island, so long as the smaller island has itself "size and permanency enough to entitle to the appellation of island," as is certainly the case here.   One test of the individuality of this island would be to consider the case of a deed of land on the Bar Harbor side opposite, with the side lines described as "running North to the bay," or even

the shore.  Could it be held that those lines extended over this
island to the bay or shore upon its North side?  Clearly the lines
would end at low water mark, or the hundred rod limit, on the
Bar Harbor side, that being the low water mark or limit of the
island of Mt. Desert instead of Bar, or Rodick, Island.

But it is urged that the legislature could not possibly have
intended to leave this island out of the act of incorporation of
Mount Desert.  That may be conceded, but if it was in fact left
out the court cannot put it in.  It may be quite evident at times
that the legislature of a state intended to do a thing it did not do,
and did not intend to do what it did do, but it is for the legislature
to correct its own errors.  As said by the philosopher Hobbes "It
is not wisdom but authority that makes the law."  In *Bremen* v.
*Bristol*, 66 Maine, 355, the legislature was held to have in fact
included in Bremen a point of land on the opposite side of the
harbor, although, as the court said, it was very evident it did not
intend to do so, and although it supposed and believed it was not
doing so.

It appears that, nevertheless, taxes have been paid on this island
for at least seventy-five years to the town of Eden by the present
owners and their grantors.  This, however, does not estop them
from now denying that their property on the island is taxable in
Eden or is within its limits.  In *Bremen* v. *Bristol*, supra, it was
admitted that the point of land in controversy had been taxed in
Bristol since the setting off Bremen, an unusually strong case of
contemporary and subsequent construction of an Act of the legisla-
ture by the parties interested, yet that fact could not change the
line fixed by the legislature.  The same was held in *Armstrong* v.
*Topeka*, 36 Kansas, 432, 13 Pac. 843.

Neither a town nor a county can acquire jurisdiction over a terri-
tory for taxing purposes by prescription.  *Russell* v. *C. N. Rob-
inson & Co.*, 153 Ala. 327, 44 So. 1040.  They are the creatures
of the legislature and their boundaries and jurisdiction are just what
the legislature has fixed, no greater, no less, and all inconveniences
and absurdities caused thereby must be borne until the legislature
shall correct them.  For instance, in setting off Brooksville from

Castine and other towns in 1817, a small island called Buck's Island in Buck's Harbor on the south side of the new town and near the main land and almost encircled by it was not included in the description of the territory to constitute the new town and hence remained a part of Castine, though the new town lay between it on the south and Castine on the north.

Although it may have been supposed, and never before been questioned, that Bar Island was within the corporate limits of Eden, an examination of the act of incorporation of Mt. Desert in connection with the contemporaneous act incorporating Gouldsboro, (as is proper, *Hamilton* v. *McNeil*, 13 Gratten, [Va.] 389), shows that the legislature did not in fact include Bar Island in the former town, though it very likely may have intended to do so.

Unexpected as the result may be, in this case as presented judgment must be for the defendant. It is for the legislature to correct the matter if correction be desired.

*Judgment for defendant.*