(119 So. 215)

**TILLIS et al. v. STATE.**   (4 Div. 365.)

Supreme Court of Alabama.   Dec. 20, 1928.

C. B. Fuller, of Opp, and A. R. Powell, of Andalusia, for appellants.

· Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BOULDIN, J. Charlie Tillis and Jean Tillis were convicted of the murder of Bass Nicholson, and sentenced to imprisonment for life.

The trial was had in Covington county. The killing occurred in Coffee county, near the boundary line between the two counties.

■ The court in his oral charge correctly instructed the jury that the burden was on the state to prove beyond a reasonable doubt the offense was committed "within" a quarter of a mile of the boundary line of Covington county. Code, § 4895.

The evidence, without conflict, tended to show the killing was within about 150 yards of the county line.

Charge 6, refused to defendant, called for an acquittal if the jury were reasonably satisfied from the evidence "that the killing occurred one fourth of a mile, or more, from the boundary line." The purpose of the charge, as stated in brief, was to induce a construction of the venue statute to the effect that, if the killing occurred at a point exactly one-fourth of a mile from the county line, the venue was in Coffee county only.

We think the oral charge sufficient as applied to the evidence. There was no occasion for the jury to enter upon an inquiry as to whether the killing was precisely on a secondary or venue line running parallel with and a fourth of a mile from the county line.

The statute creates a zone one-half mile wide, a quarter mile on each side the county line, wherein offenses committed are triable in either county. The purpose is to avoid an entire failure of justice because the exact location of the county line with reference to place of the crime cannot be shown beyond a reasonable doubt.

■■ General reputation is admissible as to the location of county boundaries. In connection with evidence that he had lived in the neighborhood all his life, there was no error in admitting the statement of the witness J. B. Cauley: "I know what people calls the county line, I am not a surveyor." Russell v. Robinson, 153 Ala. 327, 44 So. 1040; Morgan v. Mayor, 49 Ala. 349; Tidwell v. State, 70 Ala. 33.

■ On cross-examination of state witness, Ollie Edwards, the question: "Isn't it a fact that you was keeping Bass' wife at that time and have been since?" was properly disallowed. A witness may not be impeached by inquiry into his personal misconduct.

■ No evidence tended to connect the witness with the slaying of the deceased, Bass Nicholson. It is not apparent how the matter inquired about would bias the witness against defendants as the alleged slayers of the husband.

■ That deceased had "been raising sand there with a pistol," and that "just before this shooting he had some trouble with another negro," was properly disallowed as evidence at that stage of the trial. The only evidence then in went to the effect that these defendants walked up to an automobile in which deceased was sitting, one going on either side the car, and at close range, suddenly and without demonstration from deceased, fired upon him and killed him, one using a pistol and the other a shotgun.

■ No prior misconduct of deceased toward some one else could mitigate such offense. After an issue was raised in the evidence as to the identity of the slayers, the trouble with another negro was fully presented in evidence.

■ In his oral charge, the court instructed the jury: "Now the defendants have a right to testify if they want to. They don't have to do it. That's a matter entirely in their discretion. They can take the stand or not. If they take the witness stand and testify then they become a witness just like any other witness. *You would want to consider their evidence in the light of their interest in your verdict* because of the fact they are Defendants. If they testify that does not necessarily mean that they couldn't tell the truth or didn't tell the truth *but you just weigh their evidence in the light of their interest because they are Defendants and interested in your verdict.*" (Italics supplied.)

Exceptions were reserved to the portions above italicized.

The criticism directed to these instructions is that in effect they tell the jury they "should" consider defendants' testimony in the light of their interest, and are invasive of the province of the jury.

In Tucker v. State, 167 Ala. 1, 52 So. 464, it was declared: "It was an invasion of the province of the jury for the court in its oral charge to instruct them that in weighing the

testimony of the defendant they 'must' consider his interest in the case. It is proper to instruct the jury that they 'may' do so, but not that they 'must' do so."

In Allen v. State, 87 Ala. 107, 6 So. 370, commenting on an oral instruction, it was said: "The court should not have gone further in this connection, than to instruct the jury that, in determining the weight they would give to the defendant's testimony, they should consider—along with all other circumstances having any bearing on the matter —the fact that he was the defendant."

To say the jury "should" consider the testimony of a defendant in the light of his interest is the equivalent of saying it is their duty so to do.

Certainly it is the duty of the jury to ascertain the truth of the case, and a true verdict render. To that end they should apply to the testimony all those tests of experience and common sense which aid in making a correct finding.

Among these is the interest of the witness. Well-known rules of law define and regulate the admission of evidence going to the question of the interest of a witness, this for the express purpose of enabling the jury to pass upon his testimony in the light of such interest along with other tests of verity. A defendant, interested as a matter of course, is subject to the same rule in this regard as other witnesses.

We here express our view that it is the duty of a jury to consider the testimony of a defendant in the light of his interest. A like duty applies to the testimony of any witness who is shown to have an interest in fact which may bias his testimony. It is entirely proper for the trial judge to employ terms expressive of this duty; to instruct the jury they "should" so consider the testimony. He is not confined to a mere statement that they "may" do so.

Charge A, refused to defendant, was misleading. The mere fact of making statements out of court at variance with those on the stand should not be singled out as a ground for discarding the entire testimony of the witness. His testimony should be taken in the light of his explanations, if any, and in connection with all the circumstances which shed light upon the truth of his statements on the stand.

Charge 3, refused to defendant, was argumentative and misleading. It was properly refused. Glass v. State, 147 Ala. 50, 41 So. 727.

We find no reversible error in the record. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.