275 So.2d 690

**James Edward WARD**

v.

**STATE.**

**2 Div. 102.**

Court of Criminal Appeals of Alabama.

April 3, 1973.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

Nicholas H. Cobbs, Jr., Greensboro, for appellant.

CATES, Presiding Judge.

Second degree murder: sentence, twenty years imprisonment.

I

Appellant's brief tells us the following:

"On Sunday afternoon, January 16, 1972, James Edward Ward went with his

brother Cephus Ward, his stepfather, Mc-Kinley Patton, and Fulton ('Bull') Lee to Yvonne's Lounge in Greensboro, Alabama. After spending a few minutes at the Lounge, they left, and later in the afternoon when they came back to Yvonne's Lounge to get something to drink, there were a number of people in the Lounge, including the Tubbs brothers, Roland, Leonard, and Clinton (the deceased and with whom Defendant, James Ward, had had a severe fight one day earlier in the early morning hours of January 15, 1972).

"At this point the testimony is conflicting; it appears that after the Defendant entered the Lounge, something was said between him and one or more of the Tubbs brothers; Defendant pulled a pistol and shot twice, one of the bullets striking and killing Clinton Tubbs; Defendant then left Yvonne's Lounge with his family and proceeded to his mother's home where he was arrested by Deputy Ross of the Hale County Sheriff's Department. Clinton Tubbs was placed in an automobile by his brothers and carried to the Hale County Hospital, where he was pronounced dead on arrival."

The tendency of the defense's evidence was to the effect that the Tubbs brothers "ganged up" on Ward and his brother. The critical and fatal point as narrated in appellant's brief (p. 11) came thus:

"Leonard Tubbs opened the hawkbill knife, told [Ward] that he was going to kill him, and started toward him with the knife (Tr. p. 187); [Ward] asked Leonard not to come up on him with a knife, and Leonard said, 'Well, we're going to kill you this time, we're going to finish you' (Tr. pp. 187–189); that [Ward] then pulled out his pistol, told Leonard to get off him with the knife, and shot over the front door over Leonard's head (Tr. pp. 187 and 188); that at this point, Clinton Tubbs, who was sitting on the counter said 'He's not going to do anything' and reached behind him to get something that [Ward] thought was a gun to

shoot him (Tr. pp. 187, 188, and 201); [Ward] then turned and shot Clinton (Tr. pp. 187 and 188); [Ward] tried to shoot the deceased in the arm and did not shoot to kill him (Tr. p. 188); and [Ward] then left the lounge with his family (Tr. p. 190)." (Paraphrased)

Suffice it to say that Ward's guilt or innocence was a jury question.

II

■ On appeal for the first time it is claimed that in Hale County there was systematic exclusion of Negroes from the jury rolls and that inasmuch as Ward is black that this systematic exclusion was invidious and therefore prejudicial.

However, we find no plea in abatement, no motion to quash either the indictment or the trial venire, nor any ground of the motion for new trial laid before the circuit court to raise such a question. While Coleman v. State, 280 Ala. 509, 195 So.2d 800, first allowed by-passing the prearraignment motion to quash, we consider that the motion for new trial is under the Alabama cases the last point at which the question of systematic exclusion can be raised. In this aspect Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 would seem to give deference to a uniform, bona fide non-federal State procedure such as the requirement here and heretofore observed.

We hold the record was unprotected on this point. Moreover, there was no evidence in the trial court.

III

■ A prosecution witness came to court late. He was not used. Defense counsel moved for a new trial on the ground later this witness reputedly told an affiant that the deceased was armed.

We consider that the nature of the putative testimony of this witness could have been sought by counsel interviewing him. We quote from *Fuller*, 269 Ala. 312, 113 So. 2d 153.

"We have often said that the granting of motion for a new trial on newly discovered evidence, and we interpolate the evidence claimed to be unavailable, rests in the sound discretion of the trial court. * * *"

See also Taylor v. State, 266 Ala. 618, 97 So.2d 802.

We have carefully searched the record under Code 1940, T. 15, § 389 and consider that the judgment below is due to be

Affirmed.

All the Judges concur.