TYSON, Judge.
Benny Hammonds’ indictment in this cause reads as follows:
“The Grand Jury of said County charge that, before the finding of this indictment,
BENNY HAMMONDS,
whose name is to the Grand Jury otherwise unknown, did, with the intent to commit the crime of Murder (Section *909 13A-6-2 of the Code of Alabama) attempt to commit said offense, in violation of § 13A-4-2 of the Code of Alabama,
against the peace and dignity of the State of Alabama.”
The appellant, subsequently, filed a “plea in abatement” (R. 191), a “demurrer” (R. 193), and a “motion to quash” (R. 195), each challenging the sufficiency of the indictment on seventeen identical grounds including the assertion that “[t]he indictment fails to adequately apprise the Defendant of what he must defend against.”
The trial court treated these challenges to the indictment as a “demand for a bill of particulars” (R. 202) by appellant, and ordered that the name of the alleged victim, the time and place of the alleged offense, the instrument involved in the offense, and appellant’s alleged involvement in the offense be specified by the state. These details were supplied by the state in its “answers to the court’s, order.” (R. 200-201).
Appellant was tried for “attempted murder” and found guilty of “first-degree assault.” The trial court sentenced appellant to seventeen years’ imprisonment.
Appellant’s motions to exclude the state’s evidence, for a directed verdict, and for a new trial were denied.
Because of our opinion on the challenge to this indictment, we pretermit consideration of the weight and sufficiency of the evidence in this cause.
I
The issue here presented is whether or not the trial court erred in treating appellant’s demurrer to the indictment as a demand for a “bill of particulars,” and in allowing the trial to proceed based on the state’s answers thereto.
[i] The state conceded during oral argument on this appeal, and we agree, that the indictment in this case was insufficient as a matter of law because it failed to apprise this appellant of the charges against him. The often quoted case of Summers v. State, 348 So.2d 1126 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala.), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1977), concisely states the Alabama rule with reference the due process requirements for a sufficient indictment:
“The constitutional right of an accused to demand the nature and cause of the accusation against him is not a technical right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law, nor be twice put in jeopardy for the same offense.
“An indictment should be specific in its averments in four prime aspects to insure this guaranty: (a) to identify the accusation lest the accused should be tried for an offense different from that intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense, and (d) to enable the Court, after conviction, to pronounce judgment on the record.”
It is clear from the record that this indictment fails to meet these requirements. The indictment charges an “attempted murder” by this appellant but does not identify the incident from which this charge arises. The indictment fails to specify the victim, the date, the means of perpetrating the crime or appellant’s involvement therein. Although these facts are not always essential, at least some further specification of the offense charged was necessary in this instance.
There was evidence to show that this appellant had been involved in at least three separate incidents which might have been the subject of this particular indictment. On one occasion the brake lines on appellant’s wife’s automobile were cut, but no injuries resulted therefrom. On a second occasion, the brake lines of an automobile owned by.Ealon Hardee were cut, and again no injury resulted. Both of these “brake line” incidents occurred before January 1, 1980, the effective date of the new Alabama Criminal Code. The third incident *910 was the shooting during which Ealon Har-dee, the woman with whom appellant’s wife was staying, received gunshot wounds to the arm and abdomen. This incident occurred after the effective date of the new Code. It was alleged at trial that this appellant was an active participant in the first two incidents, but that he merely solicited the services of the gunman in the alleged shooting incident.
On the face of this indictment, there is no way to determine with which of these three possible offenses (or some other offense not apparent from this record) that the grand jury charged this appellant.
The able trial judge recognized this deficiency in the indictment and in the interests of expediency and economy and fair play, treated appellant’s demurrer thereto as “a demand for a bill of particulars” and ordered that the state specify the facts necessary to inform appellant of the particular charge against him. The state complied with the order and identified the latter incident, i.e., the shooting of Ealon Hardee, as the subject of the “attempted murder” indictment.
The appellant contends as a matter of law that the trial court had no authority to treat the demurrer as a demand for a “bill of particulars.” Appellant notes that, as a practical matter, the effect of the post-indictment identification by the state was an amendment to the indictment without appellant’s consent. (See § 15-8-91, Code of Alabama 1975, for the proper course of action when the defendant does not consent to an amendment.) As a result this appellant was called to answer the prosecution’s interpretation of the offense charged in the indictment rather than the charge “intended by the grand jury." Summers v. State, supra.
We agree that, in this instance, this indictment was not curable without appellant’s consent. The indictment failed to “identify the accusation” against the appellant and thereby violated his right to due process. Gayden v. State, 262 Ala. 468, 80 So.2d 501 (1955), and cases therein cited; Summers v. State, supra; Andrews v. State, 344 So.2d 533 (Ala.Cr.App.), cert. denied, 344 So.2d 538 (Ala.1977); Harrison v. State, 384 So.2d 641 (Ala.Cr.App.1980). For aught that appears in the record and on the face of the indictment, itself, the appellant was “tried for an offense different from that intended by the grand jury.” Authorities cited.
In some situations a defendant may not be injured by an insufficient indictment if he “otherwise obtains the details” necessary for his defense. Manson v. State, 349 So.2d 67 (Ala.Cr.App.), cert. denied, 349 So.2d 86 (Ala.1977). In other jurisdictions a “demand for a bill of particulars” is an accepted method for “otherwise obtaining details.” See United States v. Haas, 583 F.2d 216 (5th Cir. 1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1788, 60 L.Ed.2d 240 (1979), and cases therein cited. However, this practice has never been “accepted” in Alabama. Gayden v. State, supra; Adkins v. State, 291 Ala. 695, 287 So.2d 451 (1973) (dissenting opinion); Danley v. State, 34 Ala.App. 412, 41 So.2d 414 (1949); Johnson v. State, 335 So.2d 663 (Ala.Cr.App.), cert. denied, 335 So.2d 678 (Ala.), cert. denied, 429 U.S. 1026, 97 S.Ct. 649, 50 L.Ed.2d 629 (1976); Andrews v. State, supra.
Moreover, where it is used, the function of the “bill of particulars” is to supply the details of an already specified offense to enable the defendant to prepare his case. See United States v. Haas, supra. Such a procedure should not be used (absent the defendant’s consent) to identify the offense charged when the grand jury has failed to do so in the indictment.
We do appreciate the trial court’s interest .in judicial economy; however, since we have found the indictment to be fatally defective, in order to afford this appellant due process of law, we must reverse this judgment and sentence below, and remand this case to the trial court for further action not inconsistent with this opinion. We do so without comment on the merits of the possible charges that might be brought against this appellant and without comment on the other issues raised on this appeal, *911 including any aspect of the evidence in this cause.
REVERSED AND REMANDED FOR A NEW TRIAL.
HARRIS, P. J., and DeCARLO and BOWEN, JJ., concur.