In 1981, Anthony Chappell pled guilty to second degree assault and, after a jury trial, was convicted of attempted murder. For each offense, he received a sentence of six years' imprisonment. In 1983, Chappell filed a petition for writ of error coram. nobis. This appeal is from the denial of that petition.
 I
Chappell is entitled to have his appeal from the conviction of attempted murder reinstated. That appeal was originally affirmed by this Court without published opinion. Chappell v.State, 416 So.2d 1115 (1981). Because Chappell's appellate counsel failed to file a brief in support of that appeal, Chappell is entitled to an "out-of-time" appeal. Longmire v.State, 443 So.2d 1265 (Ala. 1982); Peterson v. State,428 So.2d 201 (Ala.Cr.App. 1983). See also Mylar v. Alabama,671 F.2d 1299 (11th Cir. 1982), cert. denied, Alabama v. Mylar, ___ U.S. ___, 103 S.Ct. 3570, 77 L.Ed.2d 1411 (1983).
 II
Chappell contends that he is entitled to a new trial because his retained trial counsel failed to call two eyewitnesses who could testify to his innocence. While the failure of counsel to investigate a potential source of exculpatory information may amount to ineffective assistance of counsel, United States v.Baynes, 687 F.2d 659, 673 (3d Cir. 1982), "[t]he decision not to call a particular witness is usually a tactical decision not constituting ineffective assistance of counsel." Oliver v.State, 435 So.2d 207, 209 (Ala.Cr.App. 1983). See alsoStrickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984); United States v. Cronic, ___ U.S. ___,104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In reviewing a claim of ineffective assistance of counsel, courts must consider the totality of the circumstances of each case. Williams v. Maggio,695 F.2d 119, 123 (5th Cir.), cert. denied, 461 U.S. 917,103 S.Ct. 1901, 77 L.Ed.2d 288 (1983); Bell v. Watkins, *Page 997 692 F.2d 999, 1009 (5th Cir.), cert. denied, Bell v. Thigpen, ___ U.S. ___, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983); Gray v.Lucas, 677 F.2d 1086, 1092 (5th Cir. 1982), cert. denied,461 U.S. 910, 103 S.Ct. 1886, 76 L.Ed.2d 815 (1983). For this reason, we withhold a determination of this issue so that we may have the benefit of the trial record and the matter considered on reinstatement of Chappell's appeal.
The existence of the two eyewitnesses was known to both Chappell and his attorney at trial. Therefore, he is not entitled to a new trial on the ground of newly discovered evidence. Summers v. State, 366 So.2d 336, 340 (Ala.Cr.App. 1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala. 1979). "Evidence is not considered newly discovered where a failure to thoroughly examine a witness prevents the earlier discovery of new or different testimony." Johnson v. State,439 So.2d 1340, 1342 (Ala.Cr.App. 1983). This rule applies even where the witness does not actually testify at trial but whose existence is known to either the defendant or his attorney.Ward v. State, 49 Ala. App. 710, 712, 275 So.2d 690 (1973);Barnes v. State, 415 So.2d 1217, 1219 (Ala.Cr.App. 1982).
The judgment of the circuit court denying the petition for writ of error coram nobis is reversed. The affirmance of Chappell's conviction for attempted murder in Chappell v.State, 416 So.2d 1115 (1981), is set aside and the appeal in that case is reinstated. Chappell's present counsel, William L. Nix, is appointed to represent him on appeal. The time for filing briefs is to begin to run from the release date of this opinion.
REVERSED AND RENDERED.
All Judges concur.