In 1981, Anthony B. Chappell was indicted and convicted for the attempted murder of Ricky H. White. Sentence was six years' imprisonment. That conviction was *Page 1372 
affirmed without published opinion by this Court in 1981. 416 So.2d 1115. In 1984, the defendant secured this second review of his conviction when he filed a petition for writ of error coram nobis challenging the effectiveness of his appellate counsel, who had failed to file a brief on the 1981 appeal. See457 So.2d 995 (Ala.Cr.App. 1984). On this present appeal, three issues are presented.
 I
The defendant argues that the indictment was fatally defective because it did not identify the particular incident from which the charge of attempted murder arose, and because it failed to specify the date, the means of perpetrating the crime, or the defendant's involvement.
The indictment, in pertinent part, charged that the defendant "did with the intent to commit the crime of murder, (Section13A-6-2 of the Code of Alabama), attempt to commit said offense against the person of Ricky H. White, a police officer for the City of Lanett, Lanett, Alabama; in violation of Section13A-4-2 of the Code of Alabama."
In Hammonds v. State, 410 So.2d 908 (Ala.Cr.App. 1982), the indictment charged in substance only that the accused attempted to commit murder. There, we held:
 "It is clear from the record that this indictment fails to meet these requirements. The indictment charges an `attempted murder' by this appellant but does not identify the incident from which this charge arises. The indictment fails to specify the victim, the date, the means of perpetrating the crime or appellant's involvement therein. Although these facts are not always essential, at least some further specification of the offense charged was necessary in this instance." Hammonds, 410 So.2d at 909.
The indictment in this case is not subject to the fatal flaws found in Hammonds.
Although the indictment failed to charge the mode or means by which the murder was attempted, that failure rendered the indictment voidable upon demurrer but not void. Howard v.State, 420 So.2d 828, 830-31 (Ala.Cr.App. 1982). The record contains no demurrer or other objection to the indictment.
The issue of a voidable indictment, as distinguished from an indictment which is void, cannot be initially raised on appeal.Barbee v. State, 417 So.2d 611, 612 (Ala.Cr.App. 1982). "`In the absence of appropriate and timely objection an indictment, even if it is subject to demurrable defects, not being void, is sufficient to sustain a judgment of conviction.'" Wyatt v.State, 419 So.2d 277, 280 (Ala.Cr.App. 1982). "One ordinarily waives any irregularities in the indictment by appearing and pleading in the trial court, and a plea to the merits is considered an admission of a valid indictment." Canada v.State, 421 So.2d 140, 145 (Ala.Cr.App. 1982).
 II
The trial court properly instructed the jury that it could "take into consideration any interest any witness might have in the outcome of the case." "The trial court is sometimes justified in charging the jury that they should consider a certain interest of a witness in passing on his credibility.Tillis v. State, 218 Ala. 527 (9), 119 So. 215 (1928). But it is not reversible error to refuse such a charge since it would be argumentative." Parsons v. State, 251 Ala. 467, 480,38 So.2d 209 (1948). It is the "duty" of the jury to consider "the testimony of any witness who is shown to have an interest in fact which may bias his testimony. It is entirely proper for the trial judge to employ terms expressive of this duty; to instruct the jury they `should' so consider the testimony."Tillis v. State, 218 Ala. 527, 529, 119 So. 215 (1928).
 III
The defendant alleges that his trial counsel was incompetent because he "totally failed to prepare for trial, as evidenced by a last minute request for a continuance", and because he "failed to contact or subpoena *Page 1373 
eyewitnesses whose testimony would have exonerated Petitioner."
Under the standards and tests of Strickland v. Washington, 466 U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we find that the defendant has not proven that trial counsel was constitutionally ineffective. Although it is alleged that a continuance was requested at the last minute, defense counsel presented three witnesses to testify for the defendant at trial.
The State's evidence was that, on December 4, 1980, Lewis R. Hoggs, the principal of Lanett Junior High School, called the police to the school after the defendant caused a disturbance at a basketball game and refused to leave the gymnasium. After Officers Ricky White and Ricky Price arrived, Mr. Hoggs stepped outside the gym. He was confronted by the defendant, who fired one shot at him.
Mr. Hoggs "dove" back inside the gym "right by" Officer White. White testified that the defendant pointed a "gun" at him twice and that he hit the defendant's arm twice and the revolver discharged twice. The defendant then fled and was pursued by White.
When White ordered the defendant to stop, the defendant stopped, turned and fired one shot at him.
At trial, Eugene Bailey, the defendant's uncle, testified that he and Officer White and some other people were in the school gymnasium when they heard two shots. They ran out and began chasing the defendant, who "just kept running" and never fired any shot at Officer White.
The defendant's mother, Gladys Chappell, testified that she was in the gym with Officer White when the two shots were fired. The defendant was armed with a .22 caliber pistol but she never saw him fire at anyone that night.
The defendant's sister, Anita, also testified that Officer White was inside the gym when the shots were fired.
At the coram nobis hearing, the defendant testified that he fired two shots where Lewis R. Hoggs, the school principal, had been standing but that he never even saw Officer White that night. The defendant testified that Gregory Potts and Clyde Hughley could verify and corroborate his story.
Hughley testified that he saw the defendant fire one shot at Mr. Hoggs and then run from the gym. Hughley did not know what happened after that. Then, according to the State's evidence, the defendant fired at Officer White.
Potts testified that the defendant fired two shots at Mr. Hoggs and ran. Officer White and Mr. Bailey chased the defendant who just kept running.
The only fact to which Hughley and Potts could testify beyond those established by the defense witnesses at trial was that the defendant fired one or two shots at Mr. Hoggs. The trial defense witnesses established that White was inside the gym when the first two shots were fired, and, under their testimony, the defendant never fired any shot at Officer White. According to the defense, only three shots were fired: two while Officer White was inside the gym and a warning shot by Officer White.
 "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 104 S.Ct. at 2066.
Even if the defendant's trial counsel was deficient in his investigation of the case, the defendant must still "affirmatively prove prejudice." Strickland, 104 S.Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2068. The defendant has not sustained this burden. *Page 1374 
"The decision not to call a particular witness is usually a tactical decision not constituting ineffective assistance of counsel." Oliver v. State, 435 So.2d 207, 208-09 (Ala.Cr.App. 1983). The defendant testified that he told his trial counsel about Hughley and Potts. Based upon what the defendant told him, counsel could well have decided not to investigate their testimony because they would corroborate the State's evidence that the defendant did fire his pistol at Mr. Hoggs.
 "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." Strickland, 104 S.Ct. at 2066.
The defendant has not overcome "the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 104 S.Ct. at 2066.
Having reviewed both the record of the defendant's trial and the record of the coram nobis hearing, this Court is convinced that the defendant was afforded his constitutional right to the effective assistance of counsel and did, in fact, receive a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.