(Decided June 19th, 1896).

---

## JOHN B. HANNA *vs.* JAMES C. YOUNG.

*Constitutional Law—Elections and Voters—Property Qualification of Voters at Municipal Elections—Legislative Control Over Municipal Corporations.*

The Legislature has the constitutional power to prescribe a property qualification for voters at municipal elections, other than in the city of Baltimore.

Constitution, Art. 1, sec. 1, provides that every male citizen of the United States of the age of twenty-one years and upwards who has been a resident of the State for one year, etc., shall be entitled to vote at all elections. The Constitution also authorizes the Legislature to create corporations for municipal purposes. *Held,*

1st. That municipal corporations being the creatures of the Legislature and there being no constitutional provision limiting the power of the Legislature over them, a law providing that the voters at a certain municipal election shall possess a property qualification is valid.

2nd. That only those elections which the Constitution itself requires to be held, or directs the Legislature to provide for, are within the purview of Art. 1, sec. 1, relating to the qualification of voters.

The Act of 1896, chap. 359, sec. 30, provides that at the election of Town Commissioners of Bel-Air only male residents above twenty-one years of age and assessed with $100 worth of real or personal property on the tax books of the town shall be entitled to vote. *Held,* that this restriction of the right to vote is valid.

Appeal from an order of the Circuit Court for Harford County (WATTERS, J.), directing the issue of a writ of *mandamus* commanding the appellant to surrender and deliver to the appellee the funds, books, papers and corporate seal of the town of Bel-Air.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD, and RUSSUM, JJ.

*Thomas H. Robinson* and *Hugh Judge Jewett, Jr.* (with whom was *Gilbert S. Hawkins* on the brief), for the appellant.

*George L. Van Bibber,* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

The sole object of this appeal is to test the validity of the 30th section of the Act of the General Assembly of Maryland, passed at January session, 1896, ch. 359, entitled, "An Act to repeal section 23 of Article 13 of the Code of Public Local Laws, entitled 'Harford County,' sub-title 'Bel-Air,' as repealed and re-enacted by the Acts of 1890, chapter 154, and also to repeal section 30 of Article 13 of the Code of Public Local Laws, entitled 'Harford County,' sub-title 'Bel-Air,' and to re-enact the same with amendments."

The facts proper to be stated are that an election for five town commissioners was held in the town of Bel-Air, on the first Monday of May, 1896, and conducted in accordance with the provisions of its charter as amended by the Act of 1896, except that of judges of election, as required by section 30 of said Act, did not, as a condition precedent, require of each person offering to vote at such election, to show that he was assessed with one hundred dollars' worth of real or personal property on the tax book of said town before he was entitled to vote. The said judges of election ignored this provision of the Act of 1896 and allowed all male citizens residing within the corporate limits of Bel-Air above the age of twenty-one years to vote, notwithstanding the right of a number of said citizens to vote was challenged, upon the ground that they were not assessed with the requisite amount of property. The election was accordingly conducted as if the Act of 1896 had not been passed or was void of legal effect. The result of the election was that the five persons receiving the highest number of votes

acted as if they had been duly elected; having qualified and organized, they proceeded to elect James C. Young, the petitioner in this case, treasurer of the town of Bel-Air, for the ensuing year. The petitioner and appellee here, having qualified, demanded of the appellant who had on the first Monday of May, 1895, been elected treasurer of Bel-Air, the possession of the books, papers and other property of the town then in his possession. This the appellant refused to yield and the appellee accordingly filed his petition in the Court below, for the writ of *mandamus* to compel the delivery to him of said books, &c. The appellant answered said petition, denying the validity of said election and justifying his refusal to deliver said books, &c., because the judges conducting said election had failed and refused to observe and give effect to the provision of the Act of 1896, which prescribed a property qualification for said electors voting at said election. Whereupon issue was joined and the case was heard by the Court below, without the aid of a jury. The Court directed the writ to issue and from the order of the Court this appeal is taken.

The question lies within very circumscribed limits, but it is nevertheless a question which has not heretofore been passed upon by this tribunal. Whilst it has received consideration in some of the Courts of the other States of the Union, it does not, however, appear to have been determined except in a very limited number of cases. The contention here is that the 30th section of the Act of 1896 is directly in conflict with the provisions of Art. 1, sec. 1, of the Constitution of the State, which reads as follows: "All elections shall be by ballot; and every male citizen of the United States, of the age of twenty-one years, or upwards, who has been a resident of the State for one year, and of the Legislative District of Baltimore City, or of the county, in which he may offer to vote, for six months next preceding the election, shall be entitled to vote, in the ward or election district, in which he resides, at all elections hereafter to be held in this State."

It is contended on the part of the appellant that this section of the Constitution plainly comprehends and includes within its express terms, *all elections*, whether State or Federal, county or municipal. Yet there is but one municipality mentioned in this section of the organic law, and in fact, Baltimore City is the only municipality mentioned *eo nomine* in any part of the Constitution. This Court in *Smith* v. *Stephan*, 66 Md. 381, MR. JUSTICE BRYAN delivering the opinion of the Court, said: "It is sufficient to say that no municipal elections, except those held in the city of Baltimore, are within the terms or meaning of the Constitution." Whilst the Constitution, Art. 3, sec. 48, authorizes and empowers the General Assembly to create corporations for municipal purposes, it no where prohibits the Legislature from imposing upon the qualified voters, residing within the corporate limits of a town, any reasonable restrictions it may deem proper, when seeking the exercise of the right of elective franchise in the selection of its officers. In this respect the power of the Legislature is unlimited. The argument advanced at the hearing in this Court is to the effect that the Act in question is void because the Constitution has conferred the right and prescribed the qualifications of all electors in this State, the Legislature is without authority to change or add to them in any manner. If the premises of this contention were correctly stated, the argument and sequence would undoubtedly be correct. But, as already observed, the Constitution (Art. 3, sec. 48) only in general terms authorizes the creation of corporations for *municipal purposes*, and leaves to the Legislature the enactment of such details as it may deem proper in the management of the concerns of the corporation, or which may be regarded as beneficial in the government of the same. The Constitution of this State provides for the creation of certain offices, State and county, which are filled, either by election or by appointment; and we regard it as an unreasonable inference to suppose that municipal elections held within the State (outside the corparate limits of Baltimore City),

can be properly termed elections under the Constitution, such as State and county elections ; or that the framers of the Constitution ever contemplated that Art. 1, sec. 1, of that instrument was intended to apply to municipal elections, such as the one now under consideration, which is the mere creature of statutory enactment.   In the creation of a new municipality, the Constitution devolves upon the General Assembly the entire duty of giving vitality to and of organizing and fostering the body corporate without any other constitutional regulation than the mandate to provide for the system itself.   It is therefore the mere creature of legislative sanction and the subject of statutory regulation. In the case of the *State of Florida ex rel. Lamar, Attorney-General* v. *Dillon,* 32 *Fla.* 545, it was held that the suffrage provision in the Constitution of that State (which is substantially the same as Art. 1, sec. 1, in the Constitution of this State), prescribing the qualifications of electors at all elections under it, does not apply to elections for municipal officers, but such elections are subject to statutory regulation ; and further, that it is competent for the Legislature to prescribe the qualifications of voters at the same.

It is only at elections which the Constitution itself requires to be held, or which the Legislature under the mandate of the Constitution makes provision for, that persons having the qualifications set forth in said section 1, Article 1, are by the Constitution of the State declared to be qualified electors.   Nowhere in the Constitution are the governments of municipalities in this State, or their officials, either clothed with power or designated as any part of our State government, but their very creation, together with all the powers and attributes which attach to their management, are lodged by the Constitution with the legislative department of our State government, save in some respects the city of Baltimore.

The same question now under consideration here arose in the case of *McMahon* v. *Mayor, etc., of Savannah,* 66 Ga. 217.   The suffrage clause in the Constitution of the State

of Georgia is almost *in totidem verbis* the same as that in the Constitution of this State. The statute sought to be declared unconstitutional was assailed upon the ground that it imposed upon the electors of the city of Savannah the payment of a poll-tax as a condition essential to their qualification as voters at any municipal election. The Court held the statute to be a valid exercise of legislative power ; and further held, that " all legislative acts in violation of the Constitution are void, and it is the duty of the judiciary so to declare. But in considering and passing upon the question of the constitutionality of the law, the rule is too well established and settled to be departed from ; that it must be made to appear that the statute, before it is declared inoperative for that cause, must be ' plainly and palpably ' in violation of the Constitution." *Beall* v. *Beall,* 8 Ga. 210. The solemn act of the government will not be set aside by the Courts in a doubtful case. " The incompatibility or repugnancy between the statute and the Constitution must be ' clear and palpable.' " *Parham* v. *Justices,* 9 Ga. 341. We also refer to the cases of *Buckner* v. *Gordon,* 81 Ky. 666, and *Mayor of Valverde* v. *Shattuck,* 19 Col. 104, as sustaining the views expressed in this opinion. The last mentioned case was a special proceeding under a statute of the State of Colorado praying for the dissolution of the town of Valverde, and its annexation to the city of Denver. In such proceeding the County Court made an order requiring the mayor and trustees of the town to call an election for the purpose of determining the question of dissolution and annexation ; this order required the question to be submitted to a vote of the qualified electors of said town at such election. The mayor and trustees of the town sought to vacate the order on the ground of the unconstitutionality of the statute under which it was obtained. The statute required that the question of dissolution and annexation be submitted " to a vote of such of the qualified electors of such town or city (to be annexed) as have in the year next preceding paid a property-tax therein." The suffrage clause, sec. 1 of Art. 7 of the Con-

stitution·of the State of Colorado, is substantially the same (in so far as it involves the question under consideration in this case), as that of the Maryland Constitution.    MR. JUS-TICE ELLIOTT, delivering the opinion of the Court, observes : " It is manifest that some restriction must be placed upon the phrase ' all elections ' as used in section 1 (of the Con-stitution), else every person having the qualifications therein prescribed might insist upon voting at every election, private as well as public, and thus interfere with the affairs of others in which he has no interest.    In our opinion, the word ' elec-tion ' thus used, does not have its general or comprehensive signification, including all acts of voting, choice or selection, without limitation, but is used in a more restricted political sense, as elections of public officers."

Without extending the discussion of this question we are clearly of opinion, both upon reason and authority, that the appellee's contention is not sustained.    For the reasons stated, the order of the Court below directing the writ of *mandamus* to issue is reversed.

*Order reversed with costs.*

(Decided *per curiam* June 19th, 1896, the foregoing opinion being filed October 28th, 1896).