# Dawson v. State.

## Murder.

(Decided April 13, 1916.   71 South. 722.)

1. Statutes; Construction.—Local Acts 1915, p. 20, is not violative of the Constitution either of § 104 or § 106, the publication of the intent to apply therefor having been published only in Marengo county, since the holding of the court in that county and its detachment from the first circuit in no manner affected the other counties in the district.

2. Clerks of Courts; Statute; Instruction.—Under § 6, Local Laws 1909, amended by Local Laws 1915, p. 62, and Local Laws 1915, p. 20, the person occupying the position of circuit clerk was still ex officio clerk of the law and equity court, as it is the duty of the court in construing legislative enactments with doubtful meaning to carry out the legislative intent, at the time of the approval of the amendatory act.

3. Charge of Court; Reasonable Doubt.—Supposition has no legitimate sphere or habitation in judicial procedure, and hence, a charge asserting that the jury cannot find defendant guilty unless they believe him guilty beyond all reasonable supposition, was properly refused.

4. Criminal Law; Appeal; Duty of Court.—It is the duty of the court on an appeal in a criminal case, after giving careful consideration to questions raised and insisted upon by counsel in argument, to also give careful consideration to all other questions presented by the record.

APPEAL from Marengo Law and Equity Court.
Heard before Hon. E. J. GILDER.

Tommy Dawson was convicted of murder and he appeals. Affirmed.

GEORGE PEGRAM, for appellant.    W. L. MARTIN, Attorney General, and LAWRENCE E. BROWN, Assistant Attorney General, for the State.

GARDNER, J.—The indictment in this case was preferred by the grand jury of the circuit court·of Marengo county.   The trial of the defendant took place in the Marengo law and equity court; the case having been transferred to the docket of that court by virtue of an act of the Legislature approved February 11, 1915, being House Bill 534.—Loc. Laws 1915, p. 20.   Motion was made by the defendant to strike the indictment from the files of said court on the ground that the case had not been transferred with his consent.

(1)   The Marengo law and equity court was established by an act approved August 26, 1909 (General and Local Acts [S. S.] 1909, p. 339).   Section 19 of said act provides that, when an indictment has been found in the circuit court, the Marengo law and equity court shall not entertain jurisdiction of the case, except upon the transfer thereof to said court, and section 38 of said act provides for the transfer of such cases by agreement of the parties.   The act of February 11, 1915, provides for the detachment of the county of Marengo from the First judicial circuit, and further provides that:   "All causes pending in the circuit court of Marengo county are hereby transferred to Marengo law and equity court, which Marengo law and equity court is hereby clothed with full and complete jurisdiction to try and determine said causes in all respects as fully as said circuit court of Marengo county had before said transfer."

And the second section provides:   "That all laws in conflict herewith are hereby repealed."

The argument of counsel for appellant in support of his motion rests upon his contention that the said act of February 11th is unconstitutional and void as in violation of section 106 of the Constitution of 1901.   It is insisted that said act is a local law, and that publication of the intention to apply therefor was had only in the county of Marengo, and that, as the act removed Marengo county from the First judicial circuit, the other counties of this circuit were so affected thereby as that under the

provision of the Constitution the publication should have been had in each. That portion of section 106 here pertinent reads as follows:

"No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties."

We are persuaded, however, that the other counties of the First judicial circuit are unaffected, so far as the constitutional provision above quoted is concerned, by the act of February 11th. "The matter or thing to be affected" was the holding of the court in Marengo county and the detachment of said county from the First circuit. The act in no manner affected any of the counties of the circuit, except Marengo, and it was therefore a matter with which the other counties could not be concerned. We think it quite clear that the framers of the Constitution had no intention to require by this section the publication of such notice in every county of a circuit or division when the act is intended to affect only the county which is being detached. If from a chancery division composed of 17 counties it should be decided to detach one county, the argument of counsel for appellant would lead to the result that, to comply with section 106 of the Constitution, such publication would have to be made in each of the 17 counties. Certainly no such unreasonable result can be presumed to have been intended by the framers of the Constitution. We therefore conclude that the act of February 11, 1915, is free from constitutional objection, and that the motion of the defendant was properly overruled.

(2) We find in the record also a motion to quash the venire upon the grounds that the list of names constituting it is not made out by the clerk of the court as required by law, and that the copy of the venire drawn and summoned for the trial of the cause was not properly attested before it was served on the defendant. We do not concede that the motion properly raised the question argued by counsel. Indeed, we are inclined to the contrary view. However, as the question argued and insisted upon

[Dawson v. State.]

is one of general interest to the locality affected, we deem it proper to give an opinion on it. The insistence of counsel appears to be that there was no legally constituted clerk of the Marengo law and equity court at the time of the trial of this case. Under the provisions of section 6 of the act establishing the said court the clerk of the circuit court was declared to be ex officio clerk of the law and equity court. The act establishing the law and equity court was amended in several particulars by an act approved March 17, 1915 (Loc. Laws 1915, p. 62), and which said act amended section 6, in so far as is here pertinent, as follows: "That section 6 of an act entitled 'An act to create and establish the Marengo law and equity court for Marengo county,' approved August 26, 1909, be amended so as to read as follows: Sec. 6. That the present clerk of the circuit court of Marengo county be and he is hereby constituted and appointed clerk of said Marengo law and equity court, and shall hold said office until the next regular election for state officers in the year 1916, and until his successor is elected and qualified, as herein provided. That at said election for state officers in 1916, and every six years thereafter, a clerk of said court shall be elected by the qualified voters of said Marengo county, said clerk so elected to hold office for a term of six years and until his successor is elected and qualified, the term of office of said clerk to commence on the same date as clerks of the circuit courts of this state," etc.

The argument is made that as this act was approved on March 17, 1915, and provided that the clerk of the circuit court should be clerk of the Marengo law and equity court, and that, as on February 11, 1915, an act had been passed which detached said Marengo county from the First judicial circuit, therefore there was no clerk of the circuit court, and consequently the amendment was meaningless and without effect. In this argument, however, counsel overlook entirely the duty of the court, in construing legislative enactments of doubtful meaning, to endeavor to carry out the legislative intent, as the intention of the lawmakers is the law.

As previously noted, the act establishing the Marengo law and equity court constituted the clerk of the circuit court ex officio clerk of the new court, and the amendment was intended to designate the person occupying such position of circuit clerk at the time of the detachment of Marengo county from the First circuit, and who was ex officio clerk of the law and equity court

[Dawson v. State.]

at the time of the passage of the amendatory act. At the time of the approval of the act of March 17th, therefore, the said clerk was still clerk of the law and equity court, and, as the act of February 11th had removed Marengo county from the First judicial circuit, the amendment here discussed was clearly for the purpose of providing for the election of the clerk of the law and equity court, for filling any vacancy therein, and for matters of that character necessitated by the withdrawal of said county from the said circuit. We conclude that the legislative intent is entirely clear, and that the contention of counsel for appellant is without merit.

(3) These were the only two questions argued by counsel upon the submission of the cause, but a slight reference was made to the refusal of charge numbered 8, which reads as follows: "You cannot find the defendant guilty unless you believe him guilty beyond all reasonable supposition."

A charge of similar character was condemned by this court in *McCoy v. State,* 170 Ala. 10, 54 South. 428, where a number of cases are referred to, and the following is quoted from the case of *Johnson v. State,* 102 Ala. 1, 16 South. 99, wherein Chief Justice STONE, writing for the court, said: "Supposition has no legitimate sphere or habitation in judicial administration."

See, also, case of *Bert Richardson v. State,* 191 Ala. 21, 68 South. 57.

(4) We have treated all the questions insisted upon by counsel for appellant in his argument of this cause, and find them without merit. Mindful, however, of our duty in cases of this character, we have given careful consideration to the other questions presented by the record. We find in the record no reversible error and nothing deserving of special treatment here.

The judgment of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.