# Watson v. The State.

### Murder.

(Decided June 30, 1916.  72 South. 569.)

1. **Jury; Selecting; Duty of Court.**—It is the duty of the trial court to determine not only whether the veniremen were generally qualified as jurors, but also whether they are competent for the trial of the instant case, and it is immaterial therefore whether the court rejects a venireman on its own motion, or on the suggestion of another.

2. **Appeal and Error; Curing Error; Evidence.**—A defendant is not prejudiced by the exclusion of testimony that a witness for the state could not have seen the affray as to which he testified from the position he occupied, where a witness for defendant was afterwards permitted to say that he went

to the place or position of the state's witness and could not see the place of the affray.

3. **Same.**—Where a witness was asked if he could have heard a pistol shot if there had been one, and answered affirmatively, and an objection was sustained by the court to the question, but the answer was not excluded, the ruling was without injury, if error.

4. **Charge of Court; Reasonable Doubt.**—A charge asserting that unless the evidence excludes every reasonable supposition but that of guilt, the jury must acquit, is properly refused.

5. **Same; Character Evidence.**—Charges asserting that the jury might consider the good character of defendant to generate a reasonable doubt after it considered all the testimony, are properly refused, as indicating that the jury might consider character evidence apart from other evidence, whereas the rule is that the jury must consider the evidence as a whole.

6. **Homicide; Self Defense.**—Charges on self defense which pretermit the duty of defendant to retreat if he can do so without increasing his peril, and which failed to require that defendant honestly entertained a belief of imminent peril, are refused without error.

7. **Same.**—For like reasons, a charge asserting that if defendant, when he fired the fatal shot, had a reasonable apprehension of imminent danger, he could lawfully act on appearances and kill deceased if without fault in bringing on the difficulty, is properly refused.

8. **Appeal and Error; Review; Scope.**—A refusal to grant a new trial in a criminal case is not reviewable where the trial appealed from was had before the enactment of Acts 1915, p. 722, amending § 2846, Code 1907.

APPEAL from Choctaw Circuit Court.

Heard before Hon. BEN D. TURNER.

Ed Watson was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Ed Kelly was shown to be the cousin of the defendant, and the court of its own motion excused him as a juror. Sturdivant, upon his examination as a juror, expressed a doubt as to his willingness to convict upon circumstantial evidence, and was excused by the court of its own motion; the solicitor also excused the juror Sturdivant. The juror Hurst stated that his grandfather and the grandfather of the defendant were brothers, and he was excused by the court. The evidence tended to show that Walter Melton died from a pistol shot on the front porch of Martin's store, and that the pistol from which the shot was fired was in the hands of Ed Watson. The evidence for the defendant tended to show self-defense. The following are the charges refused to the defendant:

(11) Unless the evidence excludes every reasonable supposition but that of guilt, the jury must acquit.

[Watson v. The State.]

(6) I charge you, gentlemen, that you may consider the good character of the defendant to generate a reasonable doubt after you have considered all the testimony; if the evidence of such character raises such a doubt, you must acquit the defendant.

(7) The court charges the jury that if the defendant, at the time of firing the fatal shot, had a reasonable apprehension of imminent danger, he could lawfully act upon appearances, and kill the deceased, if the defendant was without fault in bringing on the difficulty.

(22) The court charges you, gentlemen of the jury, that it is not necessary that there should actually be danger of death or great bodily harm in order to justify the taking of human life, but if the jury are satisfied from all the evidence in the case that the circumstances attending the firing of the fatal shot was such as to impress the defendant with a reasonable belief at the time of the killing that it was necessary in order to prevent death or great bodily harm to his person, and he was free from fault in bringing on the difficulty, then you must acquit the defendant.

GRAY & DANSBY, O. B. CHRISTOPHER, W. A. GUNTER, and TILLEY & ELMORE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—(1) The duty rests upon the trial court to determine, not only whether the veniremen possess the general qualifications prescribed by the jury law for jury service in general, but also whether they are competent jurors for the trial of the case in hand. "This being the judge's duty, it is of no consequence whether he rejects an unfit venireman ex mero motu, or upon the suggestion of another."—O'Rear v. State, 188 Ala. 75, 66 South. 82. No error, therefore, is shown in excusing the jurors Kelly, Hurst, and Sturdivant.—Griffin v. State, 90 Ala. 596, 8 South. 670; O'Rear v. State, supra.

(2) Conceding that the defendant's question to the witness Jim Green, eliciting testimony as to whether the state's witness Martin could have seen the difficulty between the defendant and the deceased from the point the witness Martin was located at the time was a proper question, and that it was error for the court to sustain an objection thereto, injury therefrom was averted by the subsequent admission of the testimony of the witness, to the

effect that subsequent to the difficulty the witness Green placed himself in the same position Martin was in at the time of the difficulty and looked out at the window, and that he could not see the "gallery or front of the store" from that position.

(3) The witness J. A. Green, in answer to the question asked by defendant's counsel, "If there had been any pistol shot could you have heard it?" answered, "Yes, sir;" and while objection was made to the question after it was answered and sustained by the court, the answer was not excluded; and the ruling, if error, was without injury.

(4) Charge 11 refused to the defendant has recently been condemned by the Supreme Court.—*Dawson v. State,* 196 Ala. 593, 71 South. 722; *Richardson v. State,* 191 Ala. 21, 68 South. 57; *Smith v. State,* 197 Ala. 193, 72 South. 316.

(5) Refused charge 6 has a tendency to inculcate the idea that it is the duty of the jury to consider all the evidence aside from the evidence of the defendant's general good character, and after they have so considered all the other evidence, they may consider the evidence of good character separate from the other evidence in the cause for the purpose of raising a reasonable doubt of his guilt; while the law requires the jury to consider the evidence as a whole, and if after thus considering the evidence a reasonable doubt of guilt arises out of any part of the evidence, a verdict of acquittal is justified. "Evidence that the accused is a man of good character, considered in connection with the other evidence, may be sufficient to create a reasonable doubt of guilt, when such doubt would not otherwise exist. The verdict of the jury, however, is to be based upon the whole evidence."—Underhill, Crim. Evidence, § 80, p. 145; *Browne v. United States,* 145 Fed. 1, 76 C. C. A. 31. "The rule is that evidence of good character must always be considered, not alone, but in connection with all the evidence bearing upon the question of the guilt or the innocence of the accused. The jury have no right to separate it from the mass of the testimony, and to say that they believe the accused has a good character, and that therefore they will disregard all the evidence of guilt."—Underhill, Crim. Evidence, § 80, p. 145; *Teague v. State,* 144 Ala. 42, 40 South. 312. This charge was well refused.

(6) Refused charge 22 ignores the duty of the defendant to retreat if he could do so without increased peril, and predicates apparent peril on the fact that the circumstances were such "as

to impress the defendant with a reasonable belief" of imminent peril, while the law requires that the facts and circumstances must not only be such as to impress the defendant with the reasonable belief that he is in imminent peril, but that he must honestly entertain such belief.—*Gaston v. State*, 161 Ala. 37, 49 South. 876.

(7) Charge 7, refused to the defendant, was properly refused for the same reason as charge 22.

(8) This case was tried and appeal taken before the amendment of section 2846 of the Code (Acts 1915, p. 722), authorizing appeals from rulings on motions for new trial in criminal cases, and the action of the trial court on the motion will not be reviewed.—*Merrill v. State*, 11 Ala. App. 224, 65 South. 709.

There is no error in the record, and the judgment is affirmed. Affirmed.