31 So.2d 309

**In re OPINION OF THE JUSTICES.**

**No. 77.**

Supreme Court of Alabama.

June 23, 1947.

S.R.18

Senate Resolution

Requesting an advisory opinion of the Supreme Court of Alabama relative to the constitutionality of Senate Bill No. 212.

Whereas the Senate has pending before it Senate Bill No. 212, a bill for a local act affecting the City of Huntsville, a copy of which is hereto attached, and

Whereas Senate Bill No. 212 is in substance identical to the provisions of Article 1, Chapter 5 of Title 37 of the 1940 Code, which relates to the annexation of territory and extending the limits of municipalities in general, except that (1) said bill applies to the City of Huntsville only and (2) allows the annexation of territory although there be less than four qualified electors residing on each quarter of each quarter section, therefore

Be It Resolved By The Senate:

1. The Justices of the Supreme Court are requested to give their written opinion on the following question: Will Senate Bill No. 212 if validly enacted in its present form violate Article 4, Section 105, or Article 8, Section 190 of the Constitution of Alabama?

Senate

6/17/47

R S and Adopted

Yeas ——— Nays ———

J. E. Speight,

Secretary

To the Senate of Alabama,

Montgomery, Alabama.

Sirs:

In Senate Resolution No. 18, the following inquiry was propounded to the Justices of this Court by the Senate of Alabama:

"Will Senate Bill No. 212, if validly enacted in its present form, violate Article 4, Section 105, or Article 8, Section 190 of the Constitution of Alabama?"

Article 1, Chapter 5, Title 37, Code of 1940 (sections 134–137, inclusive) provides by general law for annexation and extending limits and boundaries of cities in this State.

Senate Bill No. 212 is a local law affecting only the city of Huntsville, Alabama.

It provides for extending the limits and boundaries of said city.

Senate Bill No. 212 is substantially the same as Article 1, Chapter 5, Title 37, Code, except that it does not carry the following provision found in subsection 9 of Section 135, Title 37, Code: "No platted or unplatted territory shall be included within such boundary unless there are at least four qualified electors residing on each quarter of each quarter section, according to government survey, or part thereof, of such platted or unplatted land, who assent thereto in writing by signing said petition." In other words, under the general law, no platted or unplatted lands can be included within the territory proposed to be embraced unless at least four qualified electors reside on each quarter of each quarter section thereof, and who assent in writing as provided to have said lands included. No such requirement is provided for in Senate Bill No. 212.

Section 105 of the Constitution provides: "No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."

Subdivision 18 of Section 104 of the Constitution discloses an intent to make the matter of extending the boundaries of cities and towns an exception to the prohibition against local legislation, and it was held in State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373, that subdivision 18, supra, permitted legislation by local laws concerning the alteration or rearrangement of cities, towns or villages without regard to the general law upon the subject. Therefore Senate Bill No. 212 does not contravene Section 105 of the Constitution.

Senate Bill No. 212 provides for a special election at the call and designation of the probate judge.

In State ex rel. Porter v. Crook, Judge, 126 Ala. 600, 28 So. 745, 747, it was said: "It might well be doubted whether the provisions of Article 8 of the constitution, which relate exclusively to suffrage and elections have reference to any election by the people other than those held to elect public officers. Hanna v. Young, [84 Md. 179,] 35 A. 674, 34 L.R.A. 55, [57 Am.St. Rep. 396], and authorities cited."

And in State ex rel. Austin v. Black, 224 Ala. 200, 139 So. 431, 434, it was said: "The added words to section 190, Constitution of 1901, 'shall provide by law for the manner of holding elections and of ascertaining the result of the same,' to the provisions of the former Constitution were in the nature of a constitutional definition or limitation upon the general provisions contained in section 5, article 8 of the Constitution of 1875. And thus were the words 'regulate and govern' defined by the makers of the Constitution as to the matter of substantive requirements for uniformity. State ex rel. Porter v. Crook, Judge, etc., 126 Ala. 600, 28 So. 745."

Quoting further from State, ex rel. Austin v. Black, supra: "Since no constitutional provision prescribes or prohibits the manner of calling and notice of the holding of special elections (not held under section 284 of the Constitution for amendment of the Constitution; Johnson v. Craft, 205 Ala. 386, 87 So. 375, and this is not such an election), that manner of calling and notice thereof, etc., were within legislative competency to provide, as was done in this act, though not in the form of the uniform general law. State ex rel. Porter v. Crook, Judge, etc., supra."

We think the foregoing suffices to show that Senate Bill No. 212 is not violative of Section 190 of the Constitution.

We therefore answer both inquiries in the negative.

Respectfully submitted,
LUCIAN D. GARDNER,
Chief Justice.
JOEL B. BROWN
ARTHUR B. FOSTER
J. ED. LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY,
Associate Justices.