107 So.2d 366

**C. D. LOWERY**

v.

**STATE.**

**7 Div. 486.**

Court of Appeals of Alabama.

Dec. 2, 1958.

Scott, Dawson & Scott, Fort Payne, for appellant.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of assault and battery.

The State's evidence tended to show that the Sheriff, W. R. Evans, together with Mr. Collins, a highway patrolman, and a deputy sheriff, Jack Webster, went to Geraldine, in DeKalb County, the night of August 4, 1956, for the purpose of breaking up a drag race reportedly taking place in the community. They arrived near midnight and found a large group of people and numerous cars on the streets. As the crowd began to slowly disperse at the officers' request, the defendant and two companions came up and stopped in front of a cafe. The Sheriff went into the cafe and asked the manager to quiet the juke box. After the cafe was closed and everybody had left except the defendant and his companions, the Sheriff spoke to them as follows: "What about just breaking the thing up and everybody going home? I don't want no more drag racing around here." Defendant replied: "I am free, white and twenty-one and a citizen of this county and I will do as I God damn please." Whereupon the Sheriff told him he was under arrest. At this point the defendant struck the Sheriff on the back of his neck and cut it so that it bled considerably. The Sheriff hit defendant back several times using a blackjack and, with Patrolman Collins' help, placed defendant in the patrol car, from which defendant immediately escaped. The two officers with the Sheriff admonished him not to shoot as he ran after the defendant. Mr. Collins testified defendant hit at the Sheriff before the Sheriff struck him with the blackjack, and Mr. Webster stated the defendant grabbed the Sheriff first after which Mr. Evans struck him

with the blackjack. The officers testified there were women close at hand when the defendant was using profanity.

The defendant testified he had helped his father run the motion picture theatre at Geraldine on the evening in question and he and another man who also worked at the show had gone to the Post Office at his father's request to check a window reported to have been broken. Afterwards they went into a little cafe and had a soft drink and then went outside and sat down where they were approached by the Sheriff and the difficulty occurred. The first words spoken by the Sheriff were: "By God, I told you to go home fifteen minutes ago." Defendant's companion replied, "You haven't seen us. We just got here." The Sheriff answered, "By God, I told you to go home. I mean it. I will run you in." The defendant stated: "By God, I am free, white and over twenty-one and there is no curfew law in Alabama." The Sheriff threatened to arrest defendant on a charge of vagrancy, and defendant said, "I am not going," whereupon the Sheriff hit him once and then the patrolman caught one arm and the Sheriff the other and the Sheriff hit him several times with the blackjack. The defendant stated he tried to catch the blackjack, but he made no effort to hit the Sheriff and never did hit him. Appellant insists he was unlawfully arrested and that he had a legal right to resist the arrest.

The State concedes that if accused was under unlawful arrest at the time he is charged with having committed the offense he was entitled to resist illegal detention. However, the State contends the testimony shows defendant used profanity in a public place while women were nearby, and that the Sheriff was authorized to make the arrest without a warrant for an offense committed in his presence.

The Sheriff stated that at the time the defendant used the language testified to that several women were close enough to have heard it.

Title 14, Section 11, Code 1940, makes it unlawful to use obscene, abusive, insulting, and profane language in the presence or hearing of a girl or women.

Under Section 154, Title 15, Code, an officer may arrest a person, without a warrant for an offense committed in his presence.

The conflicting evidence presented questions for the jury's determination, and was sufficient in our opinion to support the judgment of conviction. There was no error in the court's refusal of the affirmative charge nor the overruling of the motion for a new trial.

■ Willard Wester, one of defendant's character witnesses, testified as far as he knew defendant's reputation was good. On redirect examination to the question: "In all the time that you have known him, have you ever heard aught against him," he answered: "No." Objection to the question, made after it was answered, was sustained.

■ The rule is that negative evidence in support of good character is admissible and its refusal is error. Hussey v. State, 87 Ala. 121, 6 So. 420; Foster v. State, 37 Ala.App. 213, 66 So.2d 204. But here the question was answered and the answer was not excluded. The court's ruling, if error, was without injury. Watson v. State, 15 Ala.App. 39, 72 So. 569. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ Defense counsel reserved exception to this portion of the court's oral charge:

"I will give you a few rules of law that if you find applicable you may use them. In your deliberations you may want to know whether or not the assaulted party, W. R. Evans, was where he had a right to be or doing what he had a right to be doing under the circumstances. And the circumstances are for you gentlemen to determine. An officer may arrest a person at any time without a warrant for any public offense that is committed in his presence. If two or more persons meet together to commit some unlawful act, then that is a violation of the law. And if they have met in an unlawful assembly, and after they have been warned to disperse by an officer of the law, and they remain after having been warned, then that is a violation of the law."

Counsel announced that exception was reserved on the theory that "there is no evidence in this case of such an assembly or that the defendant was engaged in such an assembly at the time he was assaulted by the sheriff." In brief it is argued that refused charges G, H and 4 were requested to correct the error of the court in assuming that the Sheriff was the assaulted party and that there was evidence of an unlawful meeting and of defendant's participation therein.

We are of opinion there was no error in the portion of the charge to which exception was reserved. Moreover, charge 4 was covered by given charges B and D. Charges G and H were not hypothesized on the evidence, and charge G is argumentative and invasive of the province of the jury.

■ Other charges refused to defendant were not hypothesized on the evidence and, for this reason, if for no other, were properly refused. Holloway v. State, 37 Ala.App. 96, 64 So.2d 115.

The judgment is affirmed.

We find no reversible error in the record.

Affirmed.