Cecil Eugene Bates was indicted and convicted for robbery in the first degree. He was sentenced to ninety-nine years' imprisonment as a habitual offender.
Bates' conviction stems from the robbery of a Parade Service Station on April 27, 1983, in which Keith Hicks was the actual robber and Bates drove the "get-away car". This appeal is from Bates' second trial. His first trial was declared a mistrial because of a deadlocked jury.
 I
Bates contends that the trial court erred in permitting the State to introduce into evidence a portion of the previous testimony of John Nelson, Jr. given at Bates' first trial to which the trial court at the first trial had sustained the defendant's objection. At that first trial, Nelson testified that he could not see who was driving the car used in the robbery, but that he knew that Bates was driving. The trial court sustained defense counsel's objection to Nelson's testimony that Bates was driving.
At Bates' second trial, Nelson also testified as a witness for the State. He identified a Chevrolet automobile as the car he saw drive past the service station on the morning of the robbery. He identified photographs of the defendant's car as being photographs of the same car he had seen and testified that he had seen the defendant driving the car on other occasions.
On cross examination, Nelson testified that he knew who was driving the car because he saw the driver "when he came back by." Then, on redirect examination, Nelson testified without objection that Bates was driving the car.
In an effort to impeach Nelson, defense counsel then questioned him on further cross examination about Nelson's testimony at Bates' first trial that he did not see who was driving the car.
During the defendant's case in chief, the defendant called Nelson as a witness and attempted to impeach him further by questioning him extensively about his prior testimony. Nelson admitted that he did testify in the first trial that he did not know or see who was driving the car and that he also testified on that occasion that he did know who was driving. Nelson again testified that he did see who was driving the car after the car had driven by and turned around and as the car was driven by.
On cross examination by the prosecutor, Nelson testified that at the first trial he did not understand the question and thought the prosecutor wanted to know if he had seen who was driving the car "when it went up Wilson St." Nelson admitted that at that time he "didn't see who was driving" *Page 1208 
but that he saw the driver "when the car made a turn and came back by." Nelson testified that when he finally testified at the first trial that Bates was driving he understood the prosecutor's question. At that time, defense counsel requested the trial court to instruct the jury to disregard Nelson's prior testimony that Bates was driving because the first trial judge had sustained defense counsel's objection to that answer. The trial court in effect denied this request and told defense counsel he could cross examine Nelson as to those statements. Thereafter, defense counsel moved to admit the transcript of Nelson's prior testimony, and that transcript was admitted into evidence without objection.
We see no error under the facts presented here in the admission of that portion of Nelson's prior testimony which had been ruled objectionable at Bates' first trial. Moreover, were we to find error, we would also find that error harmless because Nelson had already testified without objection in Bates' second trial that Bates was the driver of the car. "Prejudicial error may not be predicated on admission of evidence which has been admitted without objection or motion to exclude at some other stage of trial. . . . The admission of incompetent evidence is harmless error where the fact to which such evidence relates is otherwise established by competent evidence." Lawrence v. State, 409 So.2d 987, 989 (Ala.Cr.App. 1982) (citations omitted). "[T]he erroneous admission of evidence is not ground for reversal, if the same evidence has already been admitted to the jury without objection." Ware v.State, 409 So.2d 886, 893 (Ala.Cr.App. 1981), cert. quashed,409 So.2d 893 (Ala. 1982).
 II
The trial court properly refused the defendant's requested charge No. 5 which was to the effect that the testimony of an accomplice should be viewed with "suspicion and caution."Handley v. State, 214 Ala. 172, 175, 106 So. 692, 695 (1925) (not error to refuse requested charge that "the testimony of an accomplice should be weighed with great caution").
The requested charge invades the province of the jury. Mosesv. State, 58 Ala. 117, 120 (1877) (trial court properly refused requested charge that "`The fact that the witness is, or was, an accomplice detracts very materially from his credit'"). See also Crittenden v. State, 134 Ala. 145, 151-154, 32 So. 273,275-76 (1902) (A charge that "`the testimony of the wife of the accomplice must be viewed with caution, and that they must give every consideration to the fact that she is the wife of the accomplice,'" held to be "invasive of the province of the jury, besides being bad in other respects.").
 III
The trial court did not err in refusing the defendant's requested charge No. 6 covering how the jury should determine the credibility of a witness. Despite the defendant's contention that charge No. 6 "was a much better and much more thorough charge than that actually given by the court," Appellant's Brief, p. 24, we find that the trial court's instructions "substantially and fairly" state the principles embodied in the defendant's requested charge. Alabama Code 1975, § 12-16-13. "The law is well settled that a refused charge, stating correct principles of law, which is adequately and substantially covered in the court's oral charge or in given charges does not constitute error." Allred v. State,390 So.2d 1109, 1113 (Ala.Cr.App.), cert. denied, 390 So.2d 1114
(Ala. 1980). See also Baynes v. State, 423 So.2d 307, 311
(Ala.Cr.App. 1982); White v. State, 410 So.2d 135, 136
(Ala.Cr.App. 1981).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1209