The appellant was indicted on ten counts of rape, in violation of § 13A-6-61(a)(3), Code of Alabama (1975). He was found guilty of enticing a minor into a house for immoral purposes on counts I, II, III, V, and VI. He was found not guilty on counts VII through X. Count IV had been dismissed. He was sentenced to five years' imprisonment on each count, to run concurrently, and the trial court ordered that the sentence be split so that the appellant would serve three years in the penitentiary and two years on supervised probation.
 I
The appellant contends that the trial court committed reversible error in failing to allow appellant's character witnesses to testify that they had never heard anything bad or derogatory about the appellant's character or reputation. The record indicates that three of the appellant's character witnesses testified that their knowledge concerning the general reputation of the appellant in the community was that his reputation was good. They were then asked if they had heard anything bad about his character or reputation. The prosecutor *Page 586 
objected to the question and the trial court sustained the objection.
The rule is that negative evidence in support of good character is admissible and its refusal is error. Hussey v.State, 87 Ala. 121, 6 So. 420 (1889); Dyess v. State, 224 Ala. 610,141 So. 662 (1932); Everage v. State, 33 Ala. App. 291,33 So.2d 23 (1947); Singley v. State, 256 Ala. 56, 53 So.2d 729
(1951); Foster v. State, 37 Ala. App. 213, 66 So.2d 204 (1953);Lowery v. State, 39 Ala. App. 659, 107 So.2d 366 (1958);Chavers v. State, 361 So.2d 1096 (Ala.Cr.App. 1977). Although these cases stand for the proposition that the trial court's refusal to allow the defense counsel to elicit such negative testimony requires a reversal, we find that such error is harmless. Rule 45, Alabama Rules of Appellate Procedure.
The appellant argues that this court has rejected the contention that this error could be harmless in Foster v.State, 37 Ala. App. at ___, 66 So.2d at 207, wherein it was stated:
 "In the fairly recent case of Echols v. State, 36 Ala. App. 302, 55 So.2d 522 [(1950)], we held in effect that, if a witness gives positive testimony that the defendant's character and reputation are good, it is error without injury to deny the right to introduce negative testimony in support of good character. This view is out of line with the authorities, and in this aspect the opinion must be disapproved."
However, the more modern view would be to hold that such an error could be harmless. See Lowery v. State, supra (wherein this court held that the trial court's ruling, if error, was without injury because the question was answered and the answer was not excluded). Rule 45, Alabama Rules of Appellate Procedure, states (in pertinent part) that,
 "[n]o judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of . . . rejection of evidence . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
In each instance, the character witnesses had already testified positively concerning the appellant's good character. Substantially the same testimony would have been introduced by permitting the negative testimony. In light of the evidence presented at trial, this court cannot find that this error substantially injured the appellant's rights.
 II
The appellant argues that the trial court erred in failing to grant his motion to dismiss the indictment in that he alleges it "did not insure that he was tried for the offense intended by the grand jury nor did it insure that the defendant would not be twice put in jeopardy for the same offense." Specifically, the appellant contends that it is uncontroverted that the State claimed he raped the prosecutrix eight or nine times during each month. He alleges that because the indictment failed to state a specific date on which the alleged offense occurred, the indictment fails to protect the appellant from the possibility of being twice put in jeopardy for the same offense. The appellant contends that he is not raising a "void for vagueness" argument, but rather that the indictment violates his rights against double jeopardy. He citesHammonds v. State, 410 So.2d 908 (Ala.Cr.App. 1982), quotingSummers v. State, 348 So.2d 1126 (Ala.Cr.App.), cert. denied,348 So.2d 1136 (Ala. 1977), cert. denied, 434 U.S. 1070,98 S.Ct. 1253, 55 L.Ed.2d 773 (1978), which states:
 "The constitutional right of an accused to demand the nature and cause of the accusation against him is not a technical right, but is fundamental and essential to the guarantee that no person shall be deprived of his liberty except by due process of law, nor be twice put in jeopardy for the same offense."
 " 'An indictment should be specific in its averments in four prime aspects to insure this guarantee: (a) to identify the accusation lest the accused should be tried for an offense different from that *Page 587 
intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense, and (d) to enable the Court, after conviction, to pronounce judgment on the record.' " (Emphasis added.)
Id. at 909. In Hammonds, the trial court ordered the State to specify the facts necessary to inform the appellant of the particular charge against him, where there was evidence to show that he had been involved in at least three separate incidents which might have been the subject of the particular indictment. The indictment in Hammonds failed to specify the victim, the date, the means of perpetrating the crime, or the appellant's involvement therein.
In the present case, specific months were named for the offenses, and the victim was named. The State responded to the trial court's order for a more specific statement of facts by detailing the appellant's method of perpetrating the offense and the occasions on which these offenses would occur; i.e., under the pretense of playing tennis. The State also added, as to the offenses for which the appellant was convicted, that these incidents "did not necessarily occur on Tuesdays or Thursdays but sometimes did." Such facts were sufficient to put the appellant on notice of the charge which he would have to defend against. Deep v. State, 414 So.2d 141, 147 (Ala.Cr.App. 1982). Generally, an indictment is not void for vagueness because it fails to state the precise time at which the offense was committed. Cade v. State, 521 So.2d 80, 82 (Ala.Cr.App. 1986), affirmed, 521 So.2d 85 (Ala. 1987); Bush v. State,431 So.2d 555, 558 (Ala.Cr.App. 1982), affirmed, 431 So.2d 563
(Ala. 1983), cert. denied, 464 U.S. 865, 104 S.Ct. 200,78 L.Ed.2d 175 (1985). See also § 15-8-30, Code of Alabama (1975).
In Sasser v. State, 494 So.2d 857 (Ala.Cr.App. 1986), the appellant was charged in a two-count indictment with rape in the first degree of his eight-year-old stepdaughter. The victim testified that, for several years prior to the appellant's marriage to her mother, the offenses occurred and they continued for some time after the marriage. This court held that the indictment was not deficient for failing to state the date because time was not a material ingredient of the offense charged. Id. at 859.
Although the appellant argues that his claim is not based on a void for vagueness ground, but rather the violation of his rights against double jeopardy, those rights have not yet been violated, as there has been no attempt to prosecute him again for the same offense. Therefore that issue is not ripe for discussion. The double jeopardy language cited by the appellant concerns the sufficiency of an indictment and addresses a void for vagueness argument. We find no error in the trial court's denial of the appellant's motion to dismiss and his amended motion to dismiss.
 III
The appellant argues that the trial court erred in failing to charge the jury on circumstantial evidence. The appellant's two refused requested charges stated as follows:
 "I charge you that when the evidence relied on for conviction is circumstantial, the chain of circumstances must be complete, of such character as to convince you beyond a reasonable doubt, and if the circumstances as proven fail to so convince you beyond reasonable doubt that Carl Jay Williams is guilty then you should return a verdict of not guilty."
 "I charge you that for circumstantial evidence to be sufficient to justify a jury in convicting upon it the circumstances proved must not only be consistent with the hypothesis that the accused is guilty but inconsistent with every other rational hypothesis except of his guilt."
The trial court did not err in refusing to give the requested charges on circumstantial evidence, as the State's case was based on direct evidence. The victim testified that the appellant would pick her up, under the pretense of going to play *Page 588 
tennis, take her to his girl friend's home, where he would show her pornographic magazines and engage in sexual relations with her. "Direct evidence" has been defined as "the assertions of human beings used as the basis of inference to the propositions asserted by them. This may be called 'testimonial evidence.' " 1A Wigmore, Evidence § 25 (Tillers rev. 1983). Under the facts of this case, there was no basis for jury instructions on circumstantial evidence.
 IV
The appellant argues that the trial court erred in failing to charge the jury concerning contradictory statements made by the victim. The appellant's requested charge stated as follows:
 "I charge you that you may consider the contradictory statements made by [the victim] in determining the weight to be given by you to the testimony of [the victim]."
The trial court, in refusing this charge, marked it as substantially covered by his oral charge. The trial court charged as follows:
 "Let's talk about credibility of witnesses. It's your job to determine the credibility of witnesses. The law says that you should first in your deliberation take all the evidence involved in the case and put it all together and first try to reconcile it all to the truth. The law goes further and says if you find in your deliberations that there are irreconcilable differences or conflicts in the evidence or in the testimony, then it is within your province and your province alone as jurors in this case to accept the part which you believe to be true and disregard the part which you believe to be false. Even within the testimony of a single witness if you believe that a witness has testified to you falsely on any material point, then you may within your province as a juror disregard all that witness's testimony or you may accept the part that you believe and disregard the part that you find to be false. The common sense way of saying it is that it is your job as a jury to find the truth. To find the truth of what really happened, that is your decision."
The appellant's requested charge was sufficiently and substantially covered by the trial court's instructions.Bates v. State, 484 So.2d 1206 (Ala.Cr.App. 1986).
Furthermore, as is argued by the State, the appellant failed to show that the victim ever made any inconsistent statement. The record indicates that the victim testified throughout her testimony to the same sequence of events comprising the offense. The trial court may properly refuse to charge on instructions which are not applicable to the facts. Mack v.State, 348 So.2d 524 (Ala.Cr.App. 1977). The State also notes that the requested charge was argumentative, as it states that the victim "did" make contradictory statements, rather than "if the jury finds that the victim did make such statements." Therefore, they were properly refused. Pace v. City ofMontgomery, 455 So.2d 180 (Ala.Cr.App. 1984).
 V
The appellant argues that enticing a minor into a house for immoral purposes is not a lesser-included offense of rape and, therefore, that the trial court should have entered judgment in favor of the appellant on each count. However, the record indicates that the appellant requested a jury charge as to the offense of enticing the child to enter a house for immoral purposes.
In Leverett v. State, 462 So.2d 972 (Ala.Cr.App. 1984), we note:
 "[E]ven if the given charge was improper, we would not regard Leverett's complaint as meritorious for he has no cause to complain. A party cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in the trial court proceedings which was invited by him or was a natural consequence of his own actions. . . . The doctrine of invited error has been specifically applied to possible error resulting from the defendant's request for a particular jury instruction. E.g. Jelks v. State, *Page 589 411 So.2d 844, 848 (Ala.Crim.App. 1981); Burke v. State, 18 Ala. App. 152, 89 So. 162, 164 (1912); People v. Clements, 316 Ill. [282], [147] N.E. 99 (1925); Partee v. State, 19 Ga. App. 752, 92 S.E. 306 (1917)."
Id. at 976-77. Because Williams requested the lesser-included-offense instructions at trial, he is estopped from complaining of any possible resulting error.
 VI
The appellant argues that the State failed to meet its burden of proof in that it failed to prove that the appellant invited the victim to play tennis and that he intended to engage in sexual conduct.
According to § 13A-6-69, Code of Alabama (1975):
 "It shall be unlawful for any person with lascivious intent to entice, allure, persuade or invite, or attempt to entice, allure, persuade or invite, any child under 16 years of age to enter any vehicle, room, house, office or other place for the purpose of proposing to such child the performance of an act of sexual intercourse or an act which constitutes the offense of sodomy or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child or the breasts of such child or for the purpose of committing an aggravated assault on such child, or for the purpose of proposing that such child fondle or feel the sexual or genital parts of such person."
The victim testified that, on each occasion, the appellant would come by on a day when the victim's mother worked, and the victim would tell her mother that the appellant and she were going to play tennis. They would get in the appellant's car and he would drive to his girl friend's house. They would then enter his girl friend's house and walk back to her room, and the appellant would then show the victim dirty magazines and engage in sexual relations with her. This testimony was sufficient to prove the elements of invitation and intent and to submit the case to the jury. The victim's "testimony about the intruder's conduct, once inside the bedroom, is sufficient to prove the 'intent' element." Lowman v. State, 400 So.2d 430,432 (Ala.Cr.App.), cert. denied, 400 So.2d 434 (Ala. 1981). See also Hooper v. State, 448 So.2d 501, 502 (Ala.Cr.App. 1984) (direct testimony of the child-victim was sufficient evidence to submit to the jury the question of the appellant's guilt in a sexual abuse case); Minnifield v. State, 392 So.2d 1288,1289-90 (Ala.Cr.App. 1981) (evidence sufficient to prove rape although the victim was the only person to testify to the facts of the crime). See also Allen v. State, 390 So.2d 676
(Ala.Cr.App. 1980); Harris v. State, 500 So.2d 1292
(Ala.Cr.App. 1986).
 VII
The appellant argues that the trial court erred in refusing to allow him to inspect the prior statement of the victim. The appellant states that, before trial, he made a request for production of all Brady materials and all statements made by the victim. The trial court ordered that "any and all evidence tending to exculpate . . . the defendant" be produced. Following the testimony of the victim, a bench conference was held off the record, and apparently a motion was made. Although the motion is not included in the record, the trial court's response shows that the district attorney was then ordered to produce a statement made by the victim in order for the trial court to review the statement and "determine if it contains exculpatory material." The court further informed the defense counsel that he would be allowed to recall the witness if the statement was found to contain exculpatory material. Subsequently, the trial court denied the appellant's motion, stating:
 "The court has reviewed this statement looking for inconsistency or exculpatory matters based on a motion that the defense has failed to produce. I have read the statement several times. I had the statement marked as Exhibit A, and it will be put in the record.
 "The court finds no exculpatory matter nor does the court find any inconsistent *Page 590 
matter. What I do find in the statement is additional matters alleging additional inconsistency of sexual contact and things of that sort. And in my opinion the defense and the State would best be served by just — well, by not producing it for purposes of cross-examination."
After reviewing the victim's statement, specifically the portion relating to the offenses for which the appellant was convicted, we find it clear that the statement contains no exculpatory matter. Further, the statement is not inconsistent with the trial testimony, but rather expands on the acts which constituted the sexual abuse. Thus, the statement made by the victim before trial did not differ in any significant respect from her testimony before the jury. Franks v. State,453 So.2d 1078, 1080 (Ala.Cr.App. 1984). The court conducted an in camera inspection of the statement, see Ex parte Pate, 415 So.2d 1140
(Ala. 1981), and determined that it contained no exculpatory material; thus, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), and United States v. Agurs, 427 U.S. 97,96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), do not apply. The production of the statement for inspection lies within the sound discretion of the trial judge, Montgomery v. State,504 So.2d 370, 373 (Ala.Cr.App. 1987), and this court cannot find that the trial court abused that discretion.
 VIII
The appellant argues that the State failed to prove venue for three of the counts. The victim's testimony, concerning these three counts, was that the offenses occurred at the home of the appellant's girl friend. The prosecutor questioned the victim, "And Carl's girl friend's house, . . . is that located in Elmore County?" The victim responded, "Yes." According to §15-2-2, Code of Alabama (1975), "[u]nless otherwise provided by law, the venue of all public offenses is in the county in which the offense was committed." Ex parte Watts, 435 So.2d 135 (Ala. 1983). The State, through the testimony of the victim, sufficiently proved venue. Coleman v. State, 423 So.2d 276
(Ala.Cr.App. 1982).
AFFIRMED.
All Judges concur, with BOWEN, P.J., concurring in result only.